424 So.2d 194 (1983)
Christopher M. SECKINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1651.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
*195 ORFINGER, Chief Judge.
In instructing the jury on the definition of battery, the trial court gave the standard jury instruction which defines battery as the intentional touching or striking of the victim by the defendant against the victim's will. The court rejected appellant's request that the instruction also advise the jury that an accidental or unintentional touching does not constitute battery.
We cannot hold the trial court in error for refusing to give the converse of the legal definition of battery. Refusal to give charges which are covered by charges given is not ground for reversal where the error is harmless, Jarrell v. State, 135 Fla. 736, 185 So. 873 (1939), and the court properly advised the jury, many times, that they must find an intentional touching to find appellant guilty of battery. However, the trial court was in error when it ruled, in response to appellant's request, that appellant could not argue to the jury that an accidental or unintentional touching did not constitute battery. Even though it is not the prerogative of an attorney in his closing arguments to instruct the jury on the law, it is entirely appropriate for an attorney to relate the applicable law to the facts of the case. In the instant case, counsel had every right to point out to the jury in his closing arguments that an accidental touching was not the same as an intentional one. One of the purposes of closing arguments is to give the attorneys the opportunity to tie together for the jury the law and the facts so that the jury can give the proper legal weight to the evidence in reaching its verdict. See, Taylor v. State, 330 So.2d 91 (Fla. 1st DCA 1976).
However, even though the trial court erred, we find the error to be harmless, because counsel did, in fact, argue to the jury that the touching by appellant was an accident and was not intentional. § 59.041, Fla. Stat. (1981).
The judgment of conviction is
AFFIRMED.
DAUKSCH and COBB, JJ., concur.