DOWNEY, Judge.
Appellant seeks reversal of the judgment of guilty of possession of a firearm by a convicted felon and sentence of fifteen years in prison.
Appellant and a person named Furlong were observed by police looking in the rear window of a residence in Fort Lauderdale. The police stopped appellant and Furlong and inquired about their presence in the neighborhood. It was ultimately determined that the two had driven up to Fort Lauderdale in Furlong’s Lincoln, which the police found parked in the carport of a nearby vacant residence. A rifle was found on the floor behind the front seat of the Lincoln.
Appellant was charged with, and convicted by a jury of, possession of a firearm (the rifle) by a convicted felon.
Since the evidence failed to show actual possession by the appellant, the State’s case rises or falls on the probative value of the evidence adduced regarding constructive possession. The State needed to prove beyond a reasonable doubt that appellant (1) knew the rifle was in the car, and (2) had the ability to maintain dominion and control over the piece. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976).
Viewed in a light most supportive of the verdict and judgment the evidence shows that appellant originally lied about how he came to Fort Lauderdale, but eventually he admitted he had been a passenger in the *408 Lincoln when it arrived at the carport location. One of the officers testified that although it was dark, use of a flashlight enabled him to see the rifle on the floor of the Lincoln behind the front seat. He said the rifle was “in plain view.” His conclusion apparently was based upon the fact that he saw it, and therefore anyone would see it. The evidence further showed that Furlong had taken the rifle, handguns, and flex cuffs from his cousin, a policeman in Miami. Furthermore, Furlong admitted to the police that he owned the car and that the rifle was in his possession.
Under these circumstances even if the State had been able to prove ability to maintain dominion and control, which we doubt, the evidence adduced was insufficient to prove beyond a reasonable doubt that appellant knew the rifle was present in the car. Compare Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975).
Accordingly, we reverse the judgment and sentence appealed from.
LETTS and DELL, JJ., concur.