519 So.2d 760 (1988)
Thomas WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. BS-25.
District Court of Appeal of Florida, First District.
February 10, 1988.
Michael E. Allen, Public Defender, Sharon Bradley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant appeals his conviction for robbery with a firearm raising several issues, only one of which merits discussion. Appellant contends that the trial court erred in denying his oral request for a jury instruction regarding the defense of voluntary intoxication. For the reasons expressed below, we affirm.
*761 At the conclusion of appellant's trial, which was held in September 1986, the trial court gave two reasons for denying appellant's request for a jury instruction on intoxication: (1) it was a special request instruction and it was not furnished to the court in writing as required by Rule 3.390(c), Florida Rules of Criminal Procedure; and (2) the evidence did not establish that appellant's intoxication impaired his specific intent to commit the crime of robbery. We find that the trial court's first reason for denying the request was correct at the time of his ruling, and that the second reason was correct based on the evidence before the court.
When a jury instruction is requested that is not part of the Florida Standard Jury Instructions, the requested instruction must be submitted in writing to the trial court if the issue is to be preserved for appellate review. Pittman v. State, 440 So.2d 657 (Fla. 1st DCA 1983). While there is currently a standard jury instruction on voluntary intoxication (Instruction 3.04(g)), this was restored to the criminal jury instructions in May 1987, after appellant's trial. Appellant's trial fell during the hiatus period when there was no standard jury instruction on voluntary intoxication.[1] Thus, appellant's special request instruction should have been in writing.
Next, voluntary intoxication is an affirmative defense requiring the defendant to come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged. Linehan v. State, 476 So.2d 1262 (Fla. 1985). Evidence of alcohol consumption prior to the commission of the crime does not, by itself, mandate the giving of a jury instruction with regard to voluntary intoxication. Id. at 1264. Here, there was evidence that appellant was drinking before the robbery, but there was no evidence as to the amount of alcohol consumed during the several hours he drove around prior to the robbery. Jacobs v. State, 396 So.2d 1113, 1115 (Fla. 1981). Further, there is testimony from two guests at the motel where the robbery occurred and from appellant's companion in the robbery indicating that the robbery was carried out from a preconceived plan. See Jacobs, 396 So.2d at 1115. While the officers who arrested appellant and his companion gave some equivocal testimony concerning appellant's condition after the robbery, the record shows that appellant was at a pub for about an hour after the robbery and before his arrest. At best, some of the testimony intimates that appellant may have been intoxicated one hour after the offense, but no evidence was introduced indicating that appellant was intoxicated during the hours preceding the crime such that he was unable to form the intent necessary to commit the crime charged.
AFFIRMED.
NIMMONS, J., concurs.
ERVIN, J., concurs in result.
NOTES
[1] The former voluntary intoxication instruction, 2.11(c), did not survive the 1981 amendments to the standard instructions.