522 So.2d 1062 (1988)
Clevent D. WILCOX, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2861.
District Court of Appeal of Florida, Third District.
April 12, 1988.
*1063 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Clevent D. Wilcox was convicted for the unlawful possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes (1985). At trial, the judge denied Wilcox's motions for judgment of acquittal at the conclusion of the state's evidence and at the close of all the evidence and his request to instruct the jury that knowledge of the gun's presence is an essential element of the crime involved. Wilcox appeals.
Wilcox was observed entering a Metrorail station accompanied by his girlfriend. After climbing over the turnstile without paying the fare, they ascended the stairs leading to the passenger-loading platform and seated themselves on a bench to wait for a train. Police officers pursued to apprehend them for fare evasion. As the officers approached the pair, they advised Wilcox that he was under arrest; Wilcox immediately grabbed the canvas tote bag which was on the seat between him and his girlfriend. Upon examining the contents of the bag, the police officer discovered a handgun. Wilcox was arrested and charged with the unlawful possession of a firearm by a convicted felon. At trial, Wilcox's girlfriend testified that she had placed the gun in his tote bag the night before the arrest without advising him.
To sustain a conviction for violation of section 790.23, there must be proof that the defendant is a convicted felon, that the object found was a firearm, and that the defendant was in possession of the weapon. § 790.23(1), Fla. Stat. (1985). After Wilcox stipulated to the first two elements, the only element remaining to be proved was that Wilcox was in possession of the gun. Possession may be either actual or constructive. See Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976); Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975). Actual possession exists where an accused has physical possession of the prohibited object and knowledge of such physical possession. Hively, 336 So.2d at 129. Constructive possession exists where the accused, while without physical possession of the prohibited object, knows of its presence on or about his premises and has the ability to maintain control over the prohibited object. Id. Because Wilcox did not have the gun on his person, there must be proof that he had constructive possession of the weapon.
Wilcox claims that he is entitled to a judgment of acquittal because the state failed to prove that the gun was in his possession. He contends that his girlfriend had complete and independent access to his tote bag which thereby constituted joint control over its contents. If there was joint control or access to the tote bag, as Wilcox contends, there must be direct evidence that he knew the gun existed and had the ability to maintain control over it. See Smith v. State, 279 So.2d 27 (Fla. 1973); Coley v. State, 393 So.2d 60 (Fla. 3d DCA 1981); Clark v. State, 359 So.2d 458 (Fla. 3d DCA 1978), cert. denied, 366 So.2d 880 (Fla. 1979). However, if he had exclusive possession and control of the bag, his knowledge of the gun may be inferred from the circumstances. Fedor v. State, 483 So.2d 42 (Fla. 2d DCA), review denied, 492 So.2d 1331 (Fla. 1986); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Maloney v. State, 146 So.2d 581 (Fla. 2d DCA 1962).
When considering a motion for judgment of acquittal, the court construes all facts adduced in evidence as admitted by the defendant and draws every conclusion favorable to the state which is fairly and reasonably inferable from that evidence. Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). Although both Wilcox and his girlfriend testified that they had equal access to and *1064 use of the tote bag, the evidence shows that it belonged to Wilcox. Wilcox's girlfriend claims she did not advise Wilcox that she had placed the gun in the bag and he claims that he was not aware that it was there. However, when the police officers approached him, he immediately grabbed the bag. Viewing this evidence in the light most favorable to the state, the trier of fact might disbelieve the testimony of the defendant and his girlfriend and conclude that Wilcox had exclusive possession of the bag and knew about the weapon's existence. Thus, the trial court correctly denied the motions for judgment of acquittal.
Having concluded that Wilcox was properly denied judgment of acquittal, it is necessary to determine whether he had joint or exclusive possession of the tote bag and whether he had the requisite knowledge to establish possession. These issues were for the jury to decide.
Wilcox contends that the trial court erred in denying his request that the jury be instructed on the knowledge element necessary to convict him of the offense of unlawful possession of a firearm by a convicted felon. We agree. Just as in cases involving the possession of drugs, in order to prove possession of a firearm, there must be evidence to support a finding that the defendant had knowledge of the presence of the gun and the ability to exercise control over it. Parnell v. State, 438 So.2d 407 (Fla. 4th DCA 1983); see Maloney, 146 So.2d at 581; Hively, 336 So.2d at 127 (knowledge of presence of drugs is required to prove constructive possession); see also Broughton v. State, 12 F.L.W. 2137 (Fla. 1st DCA September 3, 1987) (evidence that defendant knew of firearm was sufficient to prove possession). Although neither the standard jury instruction, Fla. Std.Jury Instr. (Crim.), Felons Possessing Weapons, at 112 (1987), nor section 790.23 states that it is an essential element of the crime, knowledge, either actual or constructive, is required to prove possession, and the jury must be instructed accordingly. Frank, 199 So.2d at 117. Because the standard jury instruction for possession of a firearm by a convicted felon does not provide guidance in this area, the explanation of the degree of knowledge required to prove possession contained in the standard jury instruction for narcotics violations should be considered when framing an appropriate instruction in the present case.[1]See Fla.Std.Jury Instr. (Crim), Drug Abuse  Sale, Manufacture, Delivery, or Possession with Intent, at 219; Possession, at 225; Possession of Drug Paraphernalia, at 238 (1987). In conclusion, we observe the rare but commendable candor of the state's counsel in conceding error in the failure of the trial court to instruct on this issue.
For these reasons, the order denying Wilcox's motion for judgment of acquittal is affirmed, but the order denying the motion for a new trial is reversed with directions to award him a new trial.
NOTES
[1] "Possession" is defined in the Standard Jury Instructions for narcotics violations as follows:

To "possess" means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.
If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.
Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.