539 So.2d 577 (1989)
Felton WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-542.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
*578 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Felton White, challenges his conviction for possession of a firearm by a convicted felon under section 790.23, Florida Statutes (1987), which provides:
It is unlawful for any [felon] ... to own or to have in his care, custody, possession, or control any firearm or electric weapon, including all tear gas guns and chemical weapons or devices.
White was alone in a car that was stopped for a traffic violation. A search of his person revealed a shotgun shell. A search of the car revealed a shotgun under the front seat. The owner of the car, Bertha Caldwell, testified she occasionally lent her car to several people, including White. White testified he was delivering a washing machine and the shotgun shell fell out of the car at the time of the traffic stop, whereupon he picked it up and put it in his pocket. He denied any knowledge of the gun under the seat, and said the car was in the possession of another person only hours before the arrest. The arresting officer denied White picked the shell up off the ground at the time of the traffic stop.
At the close of the evidence the defense requested the following instruction:
In order to convict the Defendant, FELTON WHITE, of Possession of a Firearm by a Convicted Felon, the State must prove beyond a reasonable doubt that Defendant knew the shotgun was in the car in which he had been riding and had the ability to maintain dominant control over the firearm.
The trial court denied the instruction requested by the defense, and instead gave the following standard instruction:
Before you can find the defendant guilty of the crime of possession of a firearm by a convicted felon, the state must prove the following two elements beyond a reasonable doubt. The defendant had been a convicted felon; after the conviction; the defendant owned, had in his care, custody, possession or control, a firearm [the words "convicted" and "firearm" were further defined].
The state does not seek to uphold a conviction on an "ownership" theory. The state also concedes that knowledge, although not mentioned in the standard jury instruction, is required. Nevertheless, the state argues that the instruction as given was sufficient, and that any error was harmless pursuant to section 943.33, Florida Statutes (1987).
We disagree. As explained in Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988), "in order to prove possession of a firearm, there must be evidence to support a finding that the defendant had knowledge of the presence of the gun and the *579 ability to exercise control over it." Wilcox at 1064, citing Parnell v. State, 438 So.2d 407 (Fla. 4th DCA 1983). Because the conviction cannot be sustained on an ownership theory, the state had the burden of proving that White's possession was conscious and substantial and not merely involuntary or superficial. Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1975), cert. denied, 339 So.2d 1172 (Fla. 1976).
The state's harmless error argument cannot be sustained. Seckington v. State, 424 So.2d 194 (Fla. 5th DCA), dismissed, 430 So.2d 452 (Fla. 1983), relied upon by the state, is readily distinguishable. In Seckington the court held that the defendant was not entitled to an instruction that an accidental or unintentional touching did not constitute a battery because it necessarily followed by implication from the instruction that was given. That is not true in the instant case, because there is nothing in the instructions as given which suggests that conscious possession of the firearm by White was required. The standard instruction permits conviction without any culpable mental state, contrary to established Florida law.
REVERSED AND REMANDED FOR NEW TRIAL.
SHARP, C.J. and DANIEL, J., concur.