SHARP, Chief Judge.
We affirm the trial court’s order suppressing evidence seized in this case. Large quantities of drugs, money, and drug paraphernalia were confiscated from the Martins’ residence in Seminole County, Florida. Both James and Janet Martin were in their residence during the search and were arrested at that time. The state appeals the suppression order. Fla.R.App. P. 9.140(c)(1)(B).
The affidavit for search warrant was sufficiently complete and adequately demonstrated probable cause for the search in all respects, save one. It failed to describe the location of the property or specifically denote the residence to be searched. The sole reference in the affidavit to the place to be searched is to a “residence in Seminole County” where the affiant saw the Martins, and effected a buy of cocaine through another person. Obviously this was an oversight on the policeman’s part. The affidavit speaks of the “aforementioned residence” and the “previously described” residence but fails to pinpoint its location, or identify whose residence it was.
An affidavit for a search warrant must be sufficient on its face. Younger v. State, 433 So.2d 636 (Fla. 5th DCA), rev. denied, 440 So.2d 354 (Fla.1983). The description of the place to be searched is one of the essential elements. Section 933.04 provides:
The right of the people to be secure in their persons, houses, papers and effects against - unreasonable seizures and searches shall not be violated and no search warrant shall be issued except upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the person and thing to be seized, (emphasis added)
Accordingly, the order of suppression is affirmed.
DAUKSCH and ORFINGER, JJ., concur.