PER CURIAM.
The appellant Siler, a retired police officer, was convicted of armed burglary of a structure with the intent of committing an assault with a firearm, and with aggravated assault with a firearm.
Siler and his wife separated due to a volatile marriage. The evidence was in conflict. The defendants picture Siler as a gentle man who did not suffer jealousy even though he was aware of his wife’s suspected extramarital affairs. The state colored Siler as a man plagued by jealousy. On the date of the incident involved herein *298 Siler telephoned his wife, Susan, and threatened physical injury if she were with another man. Siler had made other threatening calls in the past to his wife. On the day of this call, Susan left her house and proceeded to her mother’s house. Siler proceeded to Susan’s mother’s house, where Susan had taken refuge, and verbally and physically abused her while pointing a gun at her face. Siler claimed that prior to the incident Susan’s mother gave him tranquilizers as he was in a depressed state of mind. Unaware of the side effects, he swallowed a mixture of nine Valium and drank alcohol on the day of the incident and claimed voluntary intoxication as a defense. However, experienced arresting officers testified that in their opinion the defendant was not under the influence of alcohol.
At trial the state motioned in limine to prohibit defense from eliciting testimony concerning Susan’s extramarital affairs. The court granted the motion.
The appellant urges error in the restriction of the cross examination of the victim concerning extramarital affairs, that the court erred in not adequately instructing the jury as to intoxication and the necessity of unanimity in its verdict, and that prejudicial remarks were made by the prosecutor in closing argument. . We find no merit in any of the points urged for reversal, and affirm. The granting of the motion in li-mine was not error, especially in light of the fact that at the time of the trial defense counsel was permitted unlimited cross examination of the victim. As to the instruction on intoxication, the error was not properly preserved in the first instance, Pieczynski v. State, 516 So.2d 1048 (Fla. 3d DCA 1987), and second, there is no error in the instruction as given. Watkins v. State, 519 So.2d 760 (Fla. 1st DCA 1988). As to the unanimity instruction, no error is found in the denial thereof when in the instructions as a whole, the court four times admonished. the jurors that their verdict had to be unanimous. Lastly, we find no prejudicial error in the remarks made by the prosecutor in the closing argument. Any alleged error was not preserved by a proper motion or objection. Craig v. State, 510 So.2d 857 (Fla.1987); State v. Jones, 204 So.2d 515 (Fla.1967).
Therefore, for the foregoing reasons the convictions under review, and sentences thereon, be and they are, hereby affirmed.
Affirmed.