568 So.2d 992 (1990)
John Patterson WOLFRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 89-965.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
*993 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
John Patterson Wolfram appeals from his adjudication of guilt and his sentence for carrying a concealed weapon, classified by the court as a third-degree felony, following a jury verdict. We affirm the judgment, vacate the sentence, and remand for correction of the judgment to classify the crime as a misdemeanor and resentencing.
Wolfram, dressed in military camouflage fatigues and a heavy vest, was observed in the parking lot of a K-Mart store while he was returning a BB gun previously purchased at the store. The observer, believing the gun to be a .45-caliber pistol and seeing Wolfram place the gun underneath his vest before entering the store, immediately reported the incident to the police. When Wolfram exited the store about 15 minutes later, he was surrounded by police officers, placed against a wall, and searched. Unfortunately for Wolfram, the search revealed a loaded.22-caliber magnum derringer in his left front pants pocket. Wolfram told the officers he had a permit for the gun, but he was unable to produce it.
Wolfram testified at trial that he was having memory problems as a result of a fractured skull and concussions sustained in the past and that he was surprised when the officers found the derringer on his person. He also testified he believed he held a permit to carry a concealed weapon issued by his boss at a former job he held as a night security guard. The trial court excluded a permit proffered as evidence for lack of a proper predicate. The court also refused to instruct the jury upon the following instruction requested by Wolfram:
If you find the Defendant honestly and reasonably believe [sic] that he had lawful authority to carry a concealed firearm, and that belief was based on a fact about which the Defendant was mistaken, then you must find the Defendant not guilty.
The verdict form returned by the jury stated that Wolfram was guilty of carrying a concealed weapon. This is the most curious part of this appeal since the trial record reflects that:
1. The trial judge described the verdict form while charging the jury and quoted the language in it as stating: "We, the jury, find Defendant guilty of carrying a concealed firearm. ... So say we all... ."
2. The trial judge read the verdict of the jury as stating: "We, the jury, find Defendant guilty of carrying a concealed firearm. So say we all...."
3. The jury form signed by the foreman of the jury states: "We, the jury, find Defendant guilty of carrying a concealed weapon. ... So say we all...."
4. The trial court polled the jury as to whether the verdict as read by the *994 court was their verdict, and each one replied affirmatively.
5. The written judgment entered by the court adjudicates Wolfram guilty of carrying a concealed weapon in violation of section 790.01, Florida Statutes (1987), and classifies it as a third-degree felony.
(Emphasis added).
Wolfram appeals the denial of the requested instruction that would have required the jury to find him not guilty if they found he was mistaken about holding a gun permit. He also appeals his adjudication of guilt for a third-degree felony where the jury verdict form indicated he was guilty of carrying a concealed weapon, a misdemeanor.

MISTAKE AS A DEFENSE
Wolfram relies upon Thomas v. State, 526 So.2d 183 (Fla. 3d DCA), rev. denied, 536 So.2d 245 (Fla. 1988), in support of his position that mistake is a defense and that he was entitled to a jury instruction on the first issue. In Thomas, the defendant, charged with the crime of robbery, asserted the defense that he believed the stolen object belonged to him. The third district observed that: "It is well settled that a well-founded belief in one's right to the allegedly stolen property constitutes a complete defense to a charge of theft." Id. at 184. Theft and robbery are malum in se crimes and require an element of intent to deprive another of his property. These crimes are distinguished from mala prohibita crimes where intent is inferred from the act. Judge Cowart's opinion in State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982), explores the difference between the two types of crimes and concludes:
Unlike their common law counterparts, many ... [mala prohibita] crimes result from neglect where the law requires care, or inaction where the law imposes a duty to act; they may not result in direct injury to persons or property but merely create a danger or possibility of danger that the law seeks to minimize.
Id. at 289 n. 4. Whether Wolfram intended to carry a concealed firearm in violation of the prohibition against concealment is immaterial as is his belief that he had a valid permit to carry the firearm. Knowledgeable possession of the concealed firearm is enough to constitute a violation. The legislature may dispense with intent as an element of a crime and prescribe punishment without regard to the mental attitude of an accused. State v. Dunmann, 427 So.2d 166 (Fla. 1983).
To convict a person of the crime of carrying a concealed weapon, it must be shown, at a minimum, that the person charged knew he possessed the weapon, that he had it "on or about" his person. This knowledge of possession can be inferred from the act of actual possession. Oxx, at 291 n. 13. But while the proof of possession may create a prima facie case against a defendant, it is not conclusive, and a defendant may show that he had no knowledge of the possession. For example, he may show that without his knowledge some other person may have placed a gun in his clothing or in an article he was carrying.
Wolfram's testimony concerning the derringer was that he did own one but that he "believed" his gun had white grips, unlike the derringer admitted into evidence which had brown grips. He testified that he had been dressed in hunting gear and intended to go hunting that day if he could have picked up a hunting permit. He also testified he used a derringer to hunt rabbits or snakes, but that he could not recall having the derringer in his pocket at the time he went into K-Mart. Such testimony placed the issue of defendant's knowledge of the possession into the hands of the jury, and the standard instruction given was appropriate. All of the testimony elicited from the witnesses established a prima facie case that Wolfram knowingly had a firearm in his pants pocket. The testimony supported the finding that he had knowledge of the presence of the gun and that he had the ability to control it. Wolfram's only testimony to attempt to overcome the prima facie case was that he could not *995 recall having the derringer in his pocket before entering the K-Mart store, and that he believed his derringer had grips of a different color.
Wolfram cites White v. State, 539 So.2d 577 (Fla. 5th DCA 1989), for the requirement that the jury instruction should place the burden on the state to prove beyond a reasonable doubt that he knew the derringer was in his pocket and that he had the ability to maintain control over the firearm. In White, the testimony indicated that the defendant, a convicted felon, was driving an automobile that was occasionally lent to him and others by the owner. A shotgun was located under the seat and was discovered by a police officer during a stop for a traffic violation. A shotgun located under the seat of a borrowed automobile and not readily capable of being observed by the driver is clearly distinguishable from the instant case where a loaded .22-caliber derringer was found in the front pocket of the pants Wolfram was wearing.

ERROR IN THE JUDGMENT
The trial court read the verdict to the jury incorrectly by stating that Wolfram had been found guilty of carrying a concealed firearm rather than weapon. Rule 3.570, Florida Rules of Criminal Procedure, provides:
No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by such irregularity.
The proper procedure is to object to the verdict prior to discharge of the jury so that the jury may correct it. Sanchez v. State, 490 So.2d 198 (Fla. 3d DCA 1986). In the instant case, the record does not reflect that the state moved to correct the judgment when it recognized the error.
After reading the verdict, the trial court announced that adjudication would be made at the sentencing hearing and then remanded Wolfram to the custody of the sheriff. Whatever followed is absent from the record other than a judgment adjudicating Wolfram guilty of carrying a concealed weapon pursuant to section 790.01, Florida Statutes, which was consistent with the limited language of the verdict finding him guilty of carrying a concealed weapon. The verdict made no reference to the statute number describing the crime nor the classification of the crime as a felony or misdemeanor; it was not necessary to do so, although it may have helped in the instant case.
Section 790.01, Florida Statutes, has three subsections, and one could be found guilty of carrying a concealed weapon under subsection (1), a first-degree misdemeanor, or of carrying a concealed firearm under subsection (2), a third-degree felony. Both the verdict and the written judgment are consistent in finding and adjudicating Wolfram guilty of carrying a concealed weapon, not firearm, and he should be sentenced for a misdemeanor in accordance with the verdict and the judgment.
We remand for correction of the judgment to reclassify as a misdemeanor the offense for which Wolfram was convicted and for resentencing by the trial court. The judgment of the trial court must conform to the verdict of the jury. See Samudio v. State, 460 So.2d 419 (Fla. 2d DCA 1984); Hicks v. State, 411 So.2d 1025 (Fla. 2d DCA 1982).
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and COBB, JJ., concur.