PETERSON, Judge.
Bobby Joe Jones appeals his conviction following a jury trial on the charge of possession of a firearm by a convicted felon. We reverse and remand for a new trial.
Evidence at trial revealed that a witness had reported observing a male, carrying a shotgun, prepare to enter an automobile. Although not identifying Jones specifically, the witness had described the automobile. Ten to fifteen minutes later, police stopped the vehicle for a traffic infraction and discovered a shotgun lying on the back seat under a red flannel shirt; only a portion of the stock of the gun was visible. At the time of the arrest, Jones was driving the *1222 vehicle, and the owner of the vehicle was a passenger.
On appeal, Jones complains that the trial court erred in denying his requested jury instruction that the state was required to prove he had knowledge of the presence of the firearm. The state argues only that Jones did not preserve the issue for appeal because he did not submit a written jury instruction to the trial court. See Graives v. State, 127 Fla. 182, 172 So. 716 (1937); Watkins v. State, 519 So.2d 760 (Fla. 1st DCA 1988). Jones overcame that argument by supplementing the record with a copy of the requested instruction.
In White v. State, 539 So.2d 577 (Fla. 5th DCA 1989), the defendant was charged with possession of a firearm by a convicted felon. The car in which the firearm was found was borrowed by the defendant from the owner, and the defendant denied knowledge of the presence of the gun beneath the car seat. The defense requested an instruction that the state had to prove the defendant’s knowledge that the gun was in the car. The trial court refused the requested instruction, and this court held the refusal to be error, citing Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988), and Jones v. State, 325 So.2d 436 (Fla. 1st DCA 1975), cert. denied, 339 So.2d 1172 (Fla.1976). This court held that, “[bjecause the conviction could not be sustained on an ownership theory, the state had the burden of proving that [the defendant’s] possession was conscious and substantial and not merely involuntary or superficial.” White, at 579.
In the instant case, the requested instruction was important because the witness had not identified Jones and because the automobile had not been observed for the period of time between the report by the witness and the stop of the vehicle. We reverse the judgment and remand the cause for a new trial.
REVERSED; REMANDED.
DAUKSCH and HARRIS, JJ., concur.