605 So.2d 541 (1992)
Vernon CREAMER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1929.
District Court of Appeal of Florida, First District.
September 17, 1992.
Rehearing Denied October 14, 1992.
*542 Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Vernon Creamer appeals from his conviction and sentence for possession of a firearm by a convicted felon. He argues that the trial court reversibly erred in refusing to instruct the jury that, before they could find him guilty, they were required to find that he "knowingly" possessed the firearm. We agree and reverse.
In Wilcox v. State, 522 So.2d 1062, 1064 (Fla. 3d DCA 1988), the court held that "[j]ust as in cases involving the possession of drugs, in order to prove possession of a firearm, there must be evidence to support a finding that the defendant had knowledge of the presence of the gun and the ability to exercise control over it." Similarly, in White v. State, 539 So.2d 577 (Fla. 5th DCA 1989), the Fifth District held that the trial court's failure to instruct on knowledge was reversible error. That court said, "[t]he standard instruction permits conviction without any culpable mental state, contrary to established Florida law." Id. at 579.
Although the standard jury instruction was amended shortly thereafter, the amendment did not cure the deficiency because the instruction still did not include knowledge as an element of the offense. See In re Standard Jury Instructions in Criminal Cases, 543 So.2d 1205 (Fla. 1989). Just recently, however, the supreme court approved an amendment to those instructions so that they now read:
Before you can find the defendant guilty of (crime charged), the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) had been convicted of (prior offense).
2. After the conviction (defendant) knowingly

a. [owned] [had in [his] [her] care, custody, possession or control]
[a firearm.]
[an electric weapon or device.]
Standard Jury Instructions  Criminal Cases No. 92-1, 603 So.2d 1175 (Fla. 1992). The explanation for the amendment reads as follows: "This change (addition of "knowingly" in paragraph (2)) is based on White v. State, 539 So.2d 577 (Fla. 5th DCA 1989)." Id. at 1221.
In State v. Delva, 575 So.2d 643 (Fla. 1991), the court held that a jury instruction omitting an element of the crime that was not disputed in the case does not constitute fundamental error that may be raised on appeal in the absence of a contemporaneous objection. Id. at 645. In the case before us, however, the issue was properly preserved by objection.
It is clear, therefore, that knowledge of possession is an element of the crime of possession of a firearm by a convicted felon, and it is also clear that the trial court in this case erred in refusing to instruct the jury as to this element. Because this error was preserved by a proper objection and is not harmless, Creamer is entitled to a new trial.
Although this disposition renders moot Creamer's remaining points, we briefly address those issues that may be relevant on remand. Creamer claims the trial court erred in giving the jury an instruction on flight as evidence of consciousness of guilt. In the recent case of Fenelon v. State, 594 So.2d 292 (Fla. 1992), the supreme court held that the flight instruction would henceforth not be given in criminal cases, and thus, the trial court should refrain from giving the flight instruction on remand. In addition, the state concedes that this case falls under the dictates of Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991) (holding section 775.084, Fla. Stat. (1989), as amended, violates single subject rule). Accordingly, Creamer cannot be classified a habitual violent felony offender on remand.
*543 The conviction and sentence are reversed, and the cause is remanded for a new trial.
BOOTH and SMITH, JJ., concur.