PER CURIAM.
Willie A. Dean (Dean), in this direct appeal, argues that his seventeen-year sentence for a second-degree felony is illegal. We agree and remand for resentencing.
Dean was originally sentenced to prison for nine years, followed by two years of probation, for sexual battery. After violating his probation, he was subsequently sentenced to seventeen years in prison. Dean made no objection at sentencing, and no objection by posttrial motion, despite that his sentencing occurred after the effective date of amendments found in section 924.051, Florida Statutes (Supplement 1996) [1]
*1359 Dean pleaded to, and was convicted of, a second-degree felony. § 794.011(5), Fla. Stat. (1989) (sexual battery). The statutory maximum sentence for a second-degree felony is fifteen years. § 775.082(3)(c), Fla. Stat. (1989). Dean’s seventeen-year sentence thus is illegal within the meaning of Davis v. State, 661 So.2d 1193 (Fla.1995). An illegal sentence can be raised in a direct appeal, despite the failure to raise the matter in the sentencing proceeding, or in a motion filed within thirty days of sentencing. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996). Dean thus must be resentenced within the statutory maximum. Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997).
We accordingly affirm Dean’s adjudication of violation of probation, vacate his sentence, remand for sentencing within the statutory maximum, and deny the State’s motion to dismiss alleging our lack of jurisdiction. Stone v. State, 688 So.2d 1006 (Fla. 1st DCA 1997).
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. Dean was sentenced on September 24, 1996.