DAVIS, Judge.
Duane Thomas appeals his judgment of conviction and sentence for possession of a firearm by a convicted felon. He contends that the trial court erred in denying his motion for judgment of acquittal because the State failed to carry the burden of establishing that he was in knowing possession of the gun found in his hand, that the trial court did not adequately instruct the jury that the state has the burden to prove that a defendant knowingly possessed a firearm, and that the trial court erred in departing from the sentencing guidelines. Finding no error preserved for appellate review, we affirm.
On October 10, 1996, deputies from the Jacksonville Sheriff’s Department responded to a call to Allison Mack’s residence. When the deputies arrived, Mack led them to the back bedroom where Thomas was sleeping, and warned them that he was armed. Thomas was found asleep in the bed, lying undressed with his right arm on his chest and his left hand by his side against a wall, holding a gun. It was stipulated that Thomas is a convicted felon, and there was no dispute that sufficient evidence was presented to show that he was in physical possession of the gun. Officer Bennett testified that Thomas was found with the gun tightly gripped in his hand. However, as the court explained in Wilcox v. State, 522 So.2d 1062, 1064 (Fla. 3d DCA 1988), “in order to prove possession of a firearm, there must be evidence to support a finding that the defendant had knowledge of the presence of the gun and the ability to exercise control over it.” Thus, the disputed issue became whether Thomas was in knowing possession of the gun.
Thomas’ theory of defense was that someone must have put the gun in his hand after he had passed out from a day of drinking beer by the quart. Thomas testified he did not have the gun when he fell asleep. The State introduced competent evidence inconsistent with Thomas’ version of events. Officer Robinson testified in rebuttal that, after Thomas had received Miranda[1] warnings, he admitted having purchased the gun for $75 and having fired it earlier that day. This evidence was sufficient to withstand the motion for judgment of acquittal. Cf. Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976) (when controlled substance is found on premises exclusively controlled by defendant, *91 knowledge of its presence may be inferred; if knowledge must be proven because of joint control over the premises, it may be established by evidence of actual knowledge or by evidence of incriminating statements from which the jury could infer knowledge). The judge did not err in allowing the jury decide the question whether Thomas was in knowing possession of the gun. See Lord v. State, 667 So.2d 817, 819 (Fla. 1st DCA 1995), review denied mem., 676 So.2d 413 (Fla.1996); Wilcox, supra.
The second issue contending the alleged inadequacy of the jury instruction on the element of knowing possession was not preserved for appeal because Thomas neither objected to the instruction as given nor requested a more specific instruction. See Lara v. State, 699 So.2d 616, 618 (Fla.1997); Jackson v. State, 648 So.2d 85, 90 (Fla.1994). Even if Thomas had objected, we would find no error in the standard jury instruction as given. See Creamer v. State, 605 So.2d 541 (Fla. 1st DCA 1992) (noting that the 1992 amendment to the standard jury instruction incorporated the required knowledge element). Although Thomas concedes that the jury instruction as written is sufficient to inform the jury of the requisite element of knowledge, he claims that the jury could have been confused by the syntax of the instruction when it was orally read to them. We find this argument to be without merit because the instruction is not deficient, and furthermore, the written instructions were given to the jury after they were orally presented.
The final issue raised by Thomas regarding the trial court’s improper departure from the sentencing guidelines has not been preserved for appellate review.[2] See Neal v. State, 688 So.2d 392 (Fla. 1st DCA), review denied mem., 698 So.2d 543 (Fla.1997). Thomas asserts that the trial court could not enhance his sentence by nearly 25% after having exercised its discretion to increase his total sentence points from 38.8 to over 40 in order to achieve a state prison sentence. The sentencing guidelines rule states that when
... total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison.... However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15% to arrive at total sentence points in excess of 40_ State prison months may be increased or decreased by up to and including 25% at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence ...
Fla.R.Crim.P. 3.703(d)(26). Increasing the points and/or increasing the number of state prison months constitutes a “departure,” and Thomas is, therefore, asserting a departure error.
The trial court’s alleged error in increasing the points over 40 and then again increasing the number of months of the state prison sentence is not one of a fundamental nature that can be raised on appeal for the first time. This case is distinguishable from cases where this court has held that sentencing errors which were not preserved could nonetheless be raised by direct appeal. Cf. Dean v. State, 702 So.2d 1358 (Fla. 1st DCA 1997) (seventeen year sentence for second degree felony was illegal and could be reversed in direct appeal, despite failure to object or to make a motion below to correct the sentence); Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997).
Contrary to Thomas’ contention, his enhanced sentence is not illegal. “[A] departure sentence that is beyond the guidelines may be an erroneous sentence ... but it is not an illegal sentence when it is still within the maximum allowed by law.” Davis v. State, 661 So.2d 1193, 1197 (Fla.1995) (an illegal sentence which may be raised in proceedings for collateral relief at any time is one which exceeds the maximum set forth by law without regard to the guidelines). The statutory maximum sentence for the second degree felony of possession of a firearm by a *92 convicted felon is 15 years. See §§ 790.28(3), 775.082(3)(c), Fla.Stat. (1995). The sentence of 20 months imposed on Thomas is below the statutory maximum and is not illegal.
Accordingly, we affirm both the judgment of conviction and sentence.
MICKLE, J., and McDONALD, PARKER L., Senior Judge, concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. We do not accept the state’s concession of error as to this issue because Thomas’ failure to preserve this issue for appeal appears clearly on the record.