890 So.2d 432 (2004)
Lester JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1445.
District Court of Appeal of Florida, Fourth District.
December 29, 2004.
Lester Johnson, Crestview, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
On appellant's motion for rehearing,[1] we withdraw the opinion issued on August 25, *433 2004, and substitute the following in its place.
Lester Johnson appeals the final order denying, after evidentiary hearing, his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Following a jury trial, Johnson was found guilty of possession of a firearm by a convicted felon. In the second part of the fourth ground of Johnson's motion for postconviction relief, he alleged his trial counsel was ineffective in failing to object to testimony by state witnesses about his past contacts with the arresting officers. The ninth ground complained about his counsel's questioning of a detective about the surveillance of Johnson. In the eleventh ground, Johnson asserted counsel was ineffective for failing to object to a "prefatory statement" that the search warrant, the execution of which led to his arrest, was issued in a case for the confiscation of a firearm from a convicted felon. He alleged this statement was prejudicial in that it incorrectly led the jury to believe he was under surveillance in connection with guns. Johnson claimed all such matters were relevant only to establishing evidence of his bad character or propensity for criminal conduct in violation of the Williams rule.[2] These allegations are legally sufficient. Compare Johnson v. State, 611 So.2d 88 (Fla. 2d DCA 1992) (reversing in part summary denial of motion for postconviction relief because introduction of testimony about defendant's prior offenses without objection by defense counsel arguably established propensity for criminal behavior similar to that for which he was on trial and may have constituted ineffective assistance of counsel).
In the twenty-fifth ground of his motion, Johnson argued that his trial counsel was ineffective in failing to seek a jury instruction on scienter as his case involved joint occupancy of the residence in which the firearms in question were located. He argued that he was prejudiced because he was not aware of the existence of any firearms. Knowledge of possession is an element of the crime of which Johnson was convicted, and the jury should have been instructed that it had to find he had knowledge of any firearm it found he possessed, and an ability to exercise control over it. See Creamer v. State, 605 So.2d 541 (Fla. 1st DCA 1992); White v. State, 539 So.2d 577 (Fla. 5th DCA 1989). That element has been included in the standard jury instruction since 1992. See Creamer, 605 So.2d at 542. If the jury was not so instructed, counsel should have objected.
The trial court did not request a state response with respect to these grounds, and they were not among those heard at the evidentiary hearing. In denying the motion, the trial court did not attach any portions of the record to refute these claims or otherwise explain its denial of them, as required by Rule 3.850(d).
Accordingly, the order is reversed in part for further proceedings with respect to the ninth, eleventh, and twenty-fifth grounds and the second part of the fourth ground. In all other respects, we affirm the trial court's denial of the motion.
Affirmed in part, reversed in part, and remanded.
WARNER, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] We grant the motion for rehearing. However, we deny appellant's amended motion for rehearing.
[2] See Williams v. State, 110 So.2d 654 (Fla.1959); § 90.404, Fla. Stat.