FARMER, J.
Defendant appeals a conviction for possession of a firearm by a convicted felon, contending that the state failed to present legally sufficient evidence of possession or knowledge of the weapon. We reverse.
The evidence at trial included the following. Defendant is a wheelchair bound man who sought admission to a night club. He was accompanied by some friends, who pushed him to the front entrance. The club employs security guards to confront and search all who seek entry. One guard asked defendant if he had weapons on him or in his wheelchair. After a negative response, the guard conducted a'pat-down search of his body seated in the wheelchair. The guard did not find a weapon, so he asked defendant to lift himself up to check the area underneath the seat cushion. Unable to do so, defendant tightened his body and the security guards lifted him about an inch or two above the seat. Another guard reached under the chair and recovered a handgun and a loaded magazine from under the chair’s cushion. A police officer on detail at the nightclub *1254 intervened. The officer assumed that defendant was paralyzed. At the scene, defendant said he was unaware that a gun was under his seat cushion. He also said that it belonged to one of his friends, but he refused to identify the owner. None of his friends admitted ownership. The officer then placed him under arrest.
Defendant argues that there was no direct evidence establishing actual possession or knowledge of the weapon’s existence. He did not testify himself but presented testimony from four witnesses. One friend testified that he, the friend, owned the gun and that, as he readied the wheelchair outside defendant’s presence, it inadvertently fell on the seat structure before the cushion was replaced. There was additional evidence that defendant did not physically assist in disassembling[1] or reassembling the chair either at the night club or the police station. Defense witnesses further testified that defendant suffers from paralysis in his lower extremities.
■ Thus, defendant contends there is no evidence that he knew the firearm had been left under the padding of his seat. He emphasizes evidence to the effect that he was physically unable by himself to reach and use anything under his seat cushion. The state offered no contrary evidence about defendant’s medical condition or his participation in assembling the wheelchair at the night club. Therefore, defendant contends, it was necessary for the state to adduce additional evidence— beyond the mere finding of the gun under the cushion — that, unaided, he was physically capable of placing and retrieving the weapon in and from the place in which it was found, and that he was physically capable of perceiving the bulge underneath the seat cushion.
A defendant has actual possession when there is evidence that the firearm was unqualifiedly and knowingly in his care, custody or control. See Johnson v. State, 890 So.2d 432 (Fla. 4th DCA 2004) (knowledge of possession is an element of offense of possession of a firearm by convicted felon). The clearest example is eyewitness testimony placing it within his grasp. With that kind of direct evidence, knowledge may be presumed or inferred because possession is deemed actual rather than constructive. Chicone v. State, 684 So.2d 736, 739-40 (Fla.1996). “Direct evidence is that to which the witness testifies of his own knowledge [of] the facts at issue.” Davis v. State, 90 So.2d 629, 631 (Fla.1956).
With a sentient person who suffers no disability, being within hand’s reach of a cushion concealing a gun is sufficient direct evidence of “care, custody, possession or control” of the weapon. At least that is what the court held in Ross v. State, 285 So.2d 429 (Fla. 3d DCA 1973). In the instance we face today, however, there is evidence that defendant was paralyzed in the lower extremities, that without assistance he could not access anything placed underneath the seat cushion on which his body rested in the wheelchair, and that he did not assemble the wheelchair used to transport him to the entrance of the nightclub from the vehicle in which he arrived with other persons. Nor was there any evidence that anyone had seen him holding or disposing of the firearm at any time. Thus we conclude that there was no direct evidence of possession, and the circumstantial evidence in the record did not address his paralysis, his personal inability to access anything underneath his seat cushion, or show that he might have had *1255 some participation in assembling his conveyance from car to nightclub — i.e., that he was able to and had an opportunity to place the weapon under the cushion.
We discussed the burden placed on the state in this forensic circumstance in Garcia v. State, 899 So.2d 447 (Fla. 4th DCA 2005). As we explained there:
“When the state relies on circumstantial evidence to show guilt ... such evidence must meet the test for circumstantial evidence, i.e., it must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence.... [Ejvidence which furnishes nothing more than a suspicion that the defendant committed the crime is not sufficient to uphold a conviction.”
“ ‘A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypotheses except that of guilt.’ Although ‘[t]he state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence,’ it must ‘introduce competent evidence which is inconsistent with the defendant’s theory of events’.” [e.s., c.o.J
899 So.2d at 449-450; see also State v. Law, 559 So.2d 187, 188 (Fla.1989); State v. Allen, 335 So.2d 828, 826 (Fla.1976).
We cannot agree that the state’s evidence here challenged the fact of defendant’s paralysis, his inferential lack of feeling for something placed under the seat cushion, his inability to lift himself to place or reach something under the cushion, and his lack of participation and knowledge in the assembly of the chair. Without evidence challenging those facts and inferences, the state’s evidence is insufficient.

Reversed.

MAY, J. concurs.
STONE, J., dissents with opinion.

. We use the term assemble advisedly. The wheelchair is collapsible, so that it may easily be transported in a vehicle. When the owner arrives somewhere in the vehicle, the collapsed wheelchair must be uncollapsed, or reassembled.