PER CURIAM.
Dexter Tarver appeals his convictions for first degree murder, attempted first degree murder, and armed robbery. We conclude that the defendant’s prior statements at the Arthur hearing * were properly admitted both in the State’s case in chief and for impeachment of defendant after defendant took the stand, under the controlling and indistinguishable authority of Brown v. State, 391 So.2d 729, 730 (Fla. 3d DCA 1980); see also Walker v. State, 495 So.2d 1240, 1241 (Fla. 5th DCA 1986). Contrary to defendant’s contention, we conclude that the reference to Ms. Lewis was within the permissible scope of the State’s cross-examination and did not constitute a comment upon a defendant’s failure to call witnesses within the meaning of the cases relied on by defendant, Crowley v. State, 558 So.2d 529 (Fla. 4th DCA 1990); Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984); and Bayshore v. State, 437 So.2d 198 (Fla. 3d DCA 1983).
Affirmed.

 State v. Arthur, 390 So.2d 717 (Fla.1980).