611 So.2d 88 (1992)
Calvin Bernard JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04220.
District Court of Appeal of Florida, Second District.
December 30, 1992.
Rehearing Denied January 20, 1993.
*89 PER CURIAM.
Calvin Johnson appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Johnson was convicted of the attempted murder of six undercover police officers. The facts indicate a drug deal which suddenly became violent after appellant began to suspect would-be customers of being police. Johnson now maintains that his trial attorney provided ineffective assistance. The motion cites four separate omissions. The first claim, that counsel's motion for judgment of acquittal was somehow deficient, is without merit. We affirm the denial of relief as to that claim.
The three remaining claims all involve essentially the same problem. According to Johnson, at various points in the trial evidence of his prior criminal history was introduced. This allegedly occurred without objection by counsel, and even through counsel's own cross-examination of one of the officers. The prior offenses included both drug-related crimes and crimes of violence, arguably establishing appellant's propensity for the sort of criminal behavior for which he was on trial. In its response to the motion, which the trial court adopted in the order under review, the state suggested this portion of the motion was facially insufficient and did not demonstrate any likelihood that counsel's performance, "even if arguably deficient," prejudiced the outcome of the case. Given the limited scope of our review under Florida Rule of Appellate Procedure 9.140(g), we cannot agree. If the facts related by Johnson are true, it is possible that counsel did provide ineffective assistance. See, e.g., Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984). Accordingly, we remand for further proceedings regarding these three interrelated claims.
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively refutes the claims discussed in the foregoing paragraph. If so, the court may again deny the motion, attaching to its order the documentation upon which it has relied. Otherwise an evidentiary hearing may be necessary.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and HALL and THREADGILL, JJ., concur.