612 So.2d 685 (1993)
Keith WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2626.
District Court of Appeal of Florida, Fifth District.
January 22, 1993.
Keith Waters, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Keith Waters appeals the summary denial of his Rule 3.850 motion for post-conviction relief.
Waters has raised several grounds in his motion, only one of which has merit. Waters alleged that his plea of guilty to burglary of a dwelling and arson was involuntary and unknowing because he understood that, as part of his plea bargain, he would be sentenced as a habitual felony offender, when in fact he was sentenced as a habitual violent felony offender. In the order denying relief, the trial court referred to portions of the record which allegedly refute Waters's claim that his plea was involuntary, but these portions of the record were not attached to the order.
When a trial court denies a motion for post-conviction relief without holding an evidentiary hearing or attaching relevant portions of the record to refute the movant's allegations, this court's review is necessarily limited. We must accept the movant's allegations as true, and from that premise determine whether the motion conclusively shows that the movant is not entitled to relief. See, e.g., Gorham v. State, *686 521 So.2d 1067 (Fla. 1988); Squires v. State, 513 So.2d 138 (Fla. 1987); Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991); Davis v. State, 571 So.2d 118 (Fla. 5th DCA 1990). Waters's allegations regarding the involuntary nature of his plea are facially sufficient and are not refuted by any records before this court.
We therefore reverse the summary denial of Waters's motion for post-conviction relief as to his claim that his plea was involuntary and remand to the trial court with directions to either attach portions of the record that conclusively refute Waters's claim or hold an evidentiary hearing. We affirm the order denying relief on all other grounds.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED with instructions.
COWART and HARRIS, JJ., concur.