PARKER, Judge.
Wallace Stewart has appealed the trial court’s denial of Stewart’s motion for post-conviction relief. Of the four grounds raised by Stewart, only one has merit. Stewart was convicted of possession of marijuana with the intent to sell, possession of cocaine with the intent to sell, and possession of marijuana. Stewart alleged ineffective assistance of counsel based upon his attorney’s failure to file motions to suppress evidence seized from an automobile and motel room and to suppress statements taken from Stewart while Stewart was in custody and had not been given his Miranda warnings. We reverse.
The trial court denied Stewart’s motion without holding an evidentiary hearing, reasoning that Stewart must defer to his attorney’s decisions on trial tactics and strategy. Further, the trial court held that claims previously raised on direct appeal will not be heard on a motion for postconviction relief argued under the guise of ineffective assistance of counsel.
The United States Supreme Court has established the following two-part test for determining whether trial counsel’s assistance was so defective as to mandate reversal of a conviction:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Because Stewart’s claim of ineffective assistance of counsel strikes at the heart of the seizure of the contraband admitted against him at trial and the admission of his statement at trial, we hold that the trial court erred in concluding that the motion was legally insufficient. We, therefore, reverse the denial of the motion for postconviction relief as it relates to the claim of ineffective assistance of counsel and remand to the trial court to examine the files and records in this case in an effort to determine whether anything therein conclusively refutes Stewart’s claim. If so, the court again may deny the motion, attaching to its order those portions of the record reflecting Stewart’s claim. Otherwise the trial court must conduct an evidentiary hearing on the matter. Any party aggrieved by the subsequent actions of the trial court must file a timely notice to obtain further appellate review. The trial court’s order is affirmed in all other respects.
Reversed in part; affirmed in part; remanded.
FRANK, C.J., and PATTERSON, J., concur.