MICKLE, Judge.
Allen appeals the summary denial of his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
In his motion, Allen alleged ineffective assistance of counsel in that his attorney failed to introduce exculpatory fingerprint evidence. Where an evidentiary hearing has not been held, a movant’s allegations in a motion for post-conviction relief must be accepted as true except to the extent that the allegations are conclusively rebutted by the record. Murphy v. State, 638 So.2d 975 (Fla. 1st DCA 1994). The allegations in Allen’s motion are sufficiently detañed so that if they are true, he may have satisfied the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to show ineffective assistance of counsel. We are unable to say that he has not met those requirements since the trial court did not attach any portion of the record to its order denying relief. Accordingly, we reverse the trial court’s order of denial and remand the case to the trial court. On remand, the trial court may either conduct an evidentiary hearing or again deny the motion and attach portions of the record which conclusively refute Allen’s claim.
REVERSED AND REMANDED.
ALLEN and KAHN, JJ., concur.