729 So.2d 498 (1999)
Ruben HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2516.
District Court of Appeal of Florida, First District.
March 30, 1999.
*499 Ruben Haynes, Appellant, Pro Se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
JOANOS, J.
Appellant, Ruben Haynes, appeals an order of the trial court summarily denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, appellant presented five claims of ineffective assistance of counsel. We affirm the denial of post-conviction relief as to grounds one and five without further discussion, but we are constrained to reverse as to grounds two, three, and four, and remand for further proceedings.
Where, as in the instant case, the trial court summarily denies post-conviction relief without an evidentiary hearing or attachment of portions of record which conclusively refute the prisoner's claims, the reviewing court must assume the truth of the allegations set forth in the motion and determine from that premise whether the prisoner has presented a prima facie claim for relief. See Valle v. State, 705 So.2d 1331, 1333 (Fla. 1997); Allen v. State, 642 So.2d 120 (Fla. 1st DCA 1994); Waters v. State, 612 So.2d 685 (Fla. 5th DCA 1993). See also Williams v. State, 689 So.2d 1217 (Fla. 1st DCA 1997).
In ground two of his rule 3.850 motion, appellant alleged his trial counsel provided ineffective assistance by failing to challenge statements purportedly made by appellant without benefit of Miranda warnings.[1] Appellant further alleged the only incriminating evidence against him was the testimony of the arresting officer concerning appellant's statements. It seems that neither of the witnesses involved in the purchase of property which had been stolen was able to identify appellant prior to trial.
*500 Admissions by a party opponent are admissible as substantive evidence. See § 90.803(18), Fla.Stat.; Tarver v. State, 571 So.2d 98, 99 (Fla. 3d DCA 1990). See also Charles W. Ehrhardt, Florida Evidence § 803.18 (1998 Edition). The Evidence Code does not codify any constitutional requirements which must be met before inculpatory statements of a criminal defendant are admissible. See Wright v. State, 478 So.2d 825, 827 (Fla. 5th DCA 1985), review denied, 486 So.2d 598 (Fla.1986). See also Ehrhardt, Florida Evidence at 706. Nevertheless, "Miranda prohibits the use of all statements made by an accused during custodial interrogation if the accused has not first been warned of the right against self-incrimination and the right to counsel." See Davis v. State, 698 So.2d 1182, 1187 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1076, ___ L.Ed.2d ___ (1998). Miranda warnings are not required unless the defendant is (1) in custody, and (2) under interrogation. See id. at 1188.
In Miranda, the Court explained that custodial interrogation involves "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." See White v. State, 680 So.2d 550, 555-56 (Fla. 1st DCA 1996), opinion quashed on other grounds, 710 So.2d 949 (Fla.1998), cert. granted, sub nom. Florida v. White, ___ U.S. ___, 119 S.Ct. 508, 142 L.Ed.2d 421 (1998), quoting Miranda, 384 U.S. at 444, 86 S.Ct. at 1612. In White, this court explained:
In Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), the Court concluded "that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." Id., 446 U.S. at 300-301, 100 S.Ct. at 1689. The Innis court further concluded that the functional equivalent of interrogation under Miranda refers to practices that the police "should know" are "reasonably likely to elicit an incriminating response from the suspect." Id., 446 U.S. at 301, 100 S.Ct. at 1689-1690. The interrogation standard is an objective one which "focuses primarily upon perceptions of the suspect, rather than the intent of the police." Id., 446 U.S. at 301, 100 S.Ct. at 1690.
680 So.2d at 556. In State v. Polanco, 658 So.2d 1123, 1125-26 (Fla. 3d DCA 1995), the court noted that an unwarned statement while in custody violates Miranda, but
does not violate the Fifth and Fourteenth Amendments so long as the unwarned statement is voluntary. Consequently an unwarned, voluntary statement does not trigger the "fruit of the poisonous tree" doctrine. If the defendant is subsequently given proper Miranda warnings and knowingly and voluntarily makes a warned statement, then the warned statement is admissible.
In his rule 3.850 motion, appellant alleged that prior to trial, no witness was able to identify him as the person who sold the used battery tester which had been stolen. Therefore, appellant's inculpatory statement to the officer was the only evidence connecting him to the original theft of the used battery tester. Appellant further alleged that he was in custody, but unwarned, when the officer led him away from the automobile and its passenger for questioning.
The trial court denied relief on this claim, based on the court's finding that the issue should have been raised on direct appeal. The abbreviated record in this case does not indicate that a motion to suppress statements was filed and denied. Therefore, the issue could be raised only as an ineffective assistance of counsel claim. See Stewart v. State, 629 So.2d 267, 268 (Fla. 2d DCA 1993). Since there is nothing in the record to suggest that appellant waived the Miranda warnings, or that he made essentially the same statements after being given proper warnings, we reverse the denial of relief as to ground two, and remand for further proceedings.
In ground three of the rule 3.850 motion, appellant alleged his trial counsel was ineffective for failing to move to exclude, or otherwise object to, admission of collateral crimes evidence. Appellant alleged his trial counsel was on notice during pre-trial that evidence would be introduced concerning appellant's previous criminal history, but counsel *501 failed to file a motion to prevent introduction of this evidence, and failed to object when the evidence was introduced at trial.
A post-conviction motion raising claims that trial counsel failed to object when, at various points during the trial, evidence of the defendant's prior criminal history was introduced, is facially sufficient to avoid summary denial of the motion. See Johnson v. State, 611 So.2d 88, 89 (Fla. 2d DCA 1992), review denied, 621 So.2d 432 (Fla.1993); Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984).
In this case, appellant alleged the arresting officer's pre-trial testimony placed trial counsel on notice that the officer had prior knowledge of circumstances which resulted in appellant's arrest, incarceration, and the suspension of his driver's license. Since the pivotal issue at trial apparently was whether appellant knew or should have known that the used battery tester he sold had been stolen, it seems the introduction of evidence of appellant's previous criminal history would influence the jury in its evaluation of appellant's state of mind. Again, assuming the truth of appellant's allegations without considering other factors that may have been present, it is possible that counsel's performance was deficient and that the deficiency was prejudicial.
Appellant's fourth ineffective assistance of counsel claim concerned trial counsel's failure to move to exclude, or otherwise to object to, the introduction of an allegedly tainted in-court identification of appellant as the person who sold a stolen used battery tester. In his motion, appellant alleged that during the pretrial proceedings, the persons involved in the purchase of the used battery tester were unable to identify appellant as the seller. Appellant further alleged that he did not match the description of the perpetrator given by the witnesses to investigating officers.
Allegations that trial counsel failed to object to impermissibly suggestive out-of-court and in-court identification procedures are facially sufficient to require either an evidentiary hearing or attachment of portions of the record refuting the claims. See Jenkins v. State, 625 So.2d 883, 885 (Fla. 1st DCA 1993). See also Williams v. State, 673 So.2d 960, 961-62 (Fla. 1st DCA 1996).
With regard to this point, appellant alleged that his counsel failed to file a motion to suppress, or to otherwise object, to an in-court identification of appellant as the person police officers deemed guilty. Appellant further alleged that prior to trial, neither witness was able to identify appellant as the seller of the used battery tester. Such allegations are sufficient to require attachment of portions of the record which refute the claims, or an evidentiary hearing.
Accordingly, the trial court's rulings with regard to grounds two, three, and four of the motion are reversed and remanded for attachment of portions of the record which conclusively refute the claims, or for an evidentiary hearing. In all other respects, the appealed order is affirmed.
BARFIELD, C.J., and ERVIN, J., CONCUR.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).