PER CURIAM.
Brian K. Shatley [“Shatley”] appeals the trial court’s order summarily dismissing his postconviction motion, which raised two related grounds. We reverse and remand.
In his first ground, Shatley argued that his trial counsel was ineffective for failure to inform the trial court that he had served time on the convicted offense in another state while awaiting extradition. He alleges that he was incarcerated on then pending, unrelated charges in Pennsylvania when the trial court issued the felony warrant. On September 26, 2003, he came before the trial court in Pennsylvania to sign the extradition waiver. He claims that for the “entire time” he was awaiting trial on the Pennsylvania charges he would have been entitled to release on bond, but for the Florida warrant.
Shatley was subsequently sentenced to incarceration on the Pennsylvania charges and began service of his sentence on February 8, 2004. On August 29, 2004, Shat-ley completed service of his Pennsylvania sentence and was then transported to Vo-lusia County for disposition of the charges in this case. On November 3, 2004, he was sentenced to one year and one day in the Florida Department of Corrections and received fifty-two days jail credit.
Shatley claims that he is entitled to jail credit from service of the Florida warrant in Pennsylvania to sentencing in Pennsylvania, allegedly a total of seventy-six days. In the alternative, Shatley asks the trial court, “in its discretion,” to credit him for the entire length of time, from September 26, 2003, to his arrival in the Volusia County Jail on September 12, 2004, allegedly a total of 351 additional days. Shatley “believes” that the trial court would have given some or all of the credit sought had the issue been presented to the trial court since he allegedly “voluntarily waived extradition.” According to Shatley, his trial counsel was made aware of “all of this information” before sentencing.
In his second ground Shatley essentially reiterates his claim for the same jail credit, pointing out that under section 921.161, Florida Statutes, the trial court had the discretion to credit him with any or all the time served in Pennsylvania pending extradition.
The trial court did not address Shatley’s claims on the merits because the court construed Shatley’s motion as one pursuant to Florida Rule of Criminal Procedure 3.800(c) and denied it on the basis that it was untimely for having been filed more than sixty days after sentencing. If the motion were a Rule 3.800(c) motion, that would be correct. However, the State candidly acknowledges that the trial court “may have erred” in treating Shatley’s motion as a Rule 3.800(c) motion instead of a “facially sufficient” Rule 3.850 motion. The attorney general acknowledges that under Rule 3.850, the case should be remanded to the trial court for either attachments or an evidentiary hearing. See, e.g., Waters v. State, 612 So.2d 685 (Fla. 5th DCA 1993); Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993).
It is understandable that the trial court in the instant case construed Shatley’s motion as being a Rule 3.800(c) motion because of the references to the discretion of the trial court, but the motion is most properly construed as one being pursuant to Rule 3.850 because it references Rule 3.850, is sworn, seeks additional jail credit, and the first ground is couched in terms of ineffective assistance of trial counsel. We therefore reverse and remand for the trial court to consider the motion as required *351 for an application for relief under Rule S.850.
REVERSED and REMANDED.
GRIFFIN, PALMER and MONACO, JJ., concur.