PER CURIAM.
Appellant seeks review of the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the denial of relief as to claims one, two, three, five and seven. As to claims four and six, we reverse and remand for further proceedings.
Following a jury trial, appellant was convicted of aggravated battery on a pregnant woman. In his fourth claim, appellant asserts that he was denied effective assistance of counsel because his attorney failed to object to portions of the alleged victim’s testimony which impermissibly established his propensity for criminal behavior similar to that for which he was on trial. A claim asserting denial of effective assistance of counsel based on failure to object to the admission of evidence of other crimes, wrongs or acts, as proscribed by section 90.404 of the Florida Evidence Code, can present a facially sufficient claim for relief. See Johnson v. State, 890 So.2d 432 (Fla. 4th DCA 2004); Haynes v. State, 729 So.2d 498 (Fla. 1st DCA 1999); Johnson v. State, 611 So.2d 88 (Fla. 2d DCA 1992); Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984) (on rehearing). However, the complaining party must also sufficiently plead prejudice resulting from such allegedly deficient performance. See Strickland v. Washington, 466 U.S. 668, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In his motion, appellant asserts that the alleged victim’s irrelevant and prejudicial testimony regarding prior incidents of domestic abuse created jury bias which resulted in a verdict of guilty. He further asserts that his trial lasted approximately 30 minutes with only the alleged victim and the officer who responded to a 911 telephone call testifying. Appellant did not testify and his attorney made no objections during the trial. Based on the limited amount of testimony offered at trial, appellant’s assertion that he was prejudiced by the victim’s unrefuted and unob-jected-to testimony is facially sufficient. Accordingly, we reverse the denial of relief as to the fourth claim and remand for further proceedings.
In his sixth claim, appellant asserts that his attorney was put on notice of the witness’s possible damaging testimony during a pretrial deposition and yet the attorney failed to move to exclude evidence of other crimes, wrongs or acts prior to the trial’s commencement. This allegation, likewise, presents a facially sufficient claim of ineffective assistance of counsel which is not refuted by the record. See Haynes v. State, 729 So.2d 498, 500-01 (Fla. 1st DCA 1999).
We reverse the trial court’s rulings with regard to claims four and six. On remand, *338 should the trial court elect again to summarily deny those claims, it shall attach to its order portions of the record showing conclusively that appellant is entitled to no relief. Otherwise, the trial court shall hold an evidentiary hearing. The summary denial of the remaining claims is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD, WEBSTER and BENTON, JJ., concur.