940 So.2d 500 (2006)
Jason POMPOSELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-955.
District Court of Appeal of Florida, Fifth District.
October 20, 2006.
*501 Jason J. Pomposello, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
EVANDER, J.
Appellant was convicted, after trial, of two counts of lewd and lascivious battery on a child. Prior to trial, he pled guilty to one count of resisting arrest without violence. He was sentenced as a habitual felony offender to 30 years in the Department of Corrections on Count I, fifteen years on Count II (sentences to run consecutively) and time served on the misdemeanor count. His convictions were affirmed on appeal. Pomposello v. State, 876 So.2d 575 (Fla. 5th DCA 2004).
Appellant subsequently filed an amended motion pursuant to Florida Rule of Criminal Procedure 3.850 for post-conviction relief, alleging ineffective assistance of trial counsel. The motion, which raised six grounds, was summarily denied by the trial court. This appeal followed.
To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's acts or omissions were outside the broad range of reasonably competent performance and that counsel's deficient performance so affected the proceeding that confidence in the outcome is undermined. See Johnson v. State, 903 So.2d 888, 894 (Fla.2005); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant is entitled to an evidentiary hearing on his claim unless the motions, files, and record conclusively establish that the defendant is not entitled to relief or the claim is legally insufficient. See Wainwright v. State, 896 So.2d 695, 698 (Fla.2004).
We affirm, without discussion, the trial court's summary denial as to the first, fourth, and sixth claims raised by appellant. However, as to the second, third, and fifth claims, we reverse for the trial court to either attach portions of the record conclusively refuting appellant's claims or, in the alternative, to hold an evidentiary hearing.
The gist of appellant's second claim is that defense counsel was ineffective for informing the jury during opening statement that appellant had been released from prison shortly before the alleged offenses. The gist of appellant's third claim is that defense counsel, on direct examination of appellant, inquired of appellant as to both the number and the nature of his prior felony convictions. Significantly, in his amended 3.850 motion, appellant alleges that prior to trial he told his counsel he did not intend to testify. He further alleged that his subsequent decision to testify was necessitated by his counsel having advised the jury in opening statement of his prior incarceration.
The trial court's summary denial of appellant's second and third claims was based on a finding that trial counsel's actions were the result of tactical decisions, not ineffectiveness. The order does not contain any explanation nor attachments from the record to support this conclusion.
Generally, an evidentiary hearing is required before a court can determine that counsel's seemingly deficient performance was the result of a strategic choice. *502 James v. State, 881 So.2d 85 (Fla. 5th DCA 2004). An exception to this general rule occurs when the reasonableness of counsel's strategy is obvious from the record. State v. Williams, 797 So.2d 1235, 1239 (Fla.2001), citing McNeal v. Wainwright, 722 F.2d 674, 676 (11th Cir.1984). We cannot conclude from the limited record before us that such exception is applicable in this case.
In his fifth claim, appellant alleges he would not have pled guilty to the resisting arrest without violence charge but for trial counsel's incorrect assertion that a plea of guilty to such charge would prevent the introduction of evidence that appellant had attempted to flee law enforcement after having been advised that he was under arrest for lewd and lascivious battery on a child. The trial court similarly concluded that appellant's plea was the result of his counsel's tactical decision. Again, it was error for the trial court to summarily deny this claim without either attaching the portions of the record conclusively refuting appellant's colorable claim of ineffective assistance or, alternatively, holding an evidentiary hearing.
AFFIRMED in part, REVERSED in part; REMANDED.
SAWAYA and MONACO, JJ., concur.