977 So.2d 778 (2008)
Byron BURCH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2832.
District Court of Appeal of Florida, Fifth District.
March 28, 2008.
Byron K. Burch, Sneads, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant *779 Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Bryon Burch ["Burch"], seeks review of the trial court's summary denial of his rule 3.850 motion for postconviction relief. For the reasons that follow, we conclude that the trial court erred in denying claims one and three without an evidentiary hearing. The trial court did not err in summarily denying ground two.
On November 5, 2004, the State filed an information charging Burch in count I with Robbery With a Deadly Weapon, and in count II with Aggravated Battery With a Deadly Weapon. At trial, Randall Ball ["the victim"] testified that during October 2004, he was homeless and living in the woods near a Family Dollar store. He worked for a day labor agency earning $45-$50 per day and cashed his checks after work at a nearby Citgo station.
After cashing his check one afternoon, he walked by the Family Dollar store on his way to the woods, where he encountered Burch. The victim had never seen Burch before. Burch asked him if he lived back there by himself, and the victim replied that he did. As the victim continued to walk into the woods, Burch jumped him from behind and they began fighting. Burch put a box cutter to the victim's throat, but the victim was able to break it. During the struggle, the victim was cut and his blood got onto Burch's pants. Even though the blade was broken, Burch continued to hold the weapon against the victim's throat as they fought. At some point, the victim took $20.00 out of his pocket and gave it to Burch. After taking the money, Burch told the victim not to follow him or he would get hurt. Burch then left the woods.
The victim walked to the police station and reported what happened to Officer Carter and told him that the person who attacked him had one eye that was totally white. Such an individual was known to Officer Carter. The victim subsequently identified Burch as his assailant.
Burch also testified and gave a very different version of events. He went to the Oaks Motel and purchased crack cocaine, then he ran into Carl O'Neal who had a pipe, so they went to his tent and smoked the crack. While he was at the tent, other people came by, asking if he would sell them a piece, which he did. When he ran out, he went back to the Oaks Motel to buy more and returned to the tent. As he was getting ready to leave yet again to buy more, the victim came by and gave him $19.00 to get him some crack. Burch returned to the motel to buy more crack, but the person he was buying it from wasn't there, so he called someone else who sold drugs and he ordered $100.00 worth. The seller later met Burch, and they cut the crack "cookie" into smaller pieces and smoked some marijuana. When he finally returned to the camp, he encountered the victim, who accused him of "ripping him off." Burch denied the accusation, and as he reached into his pocket to get the victim's crack, the victim punched him in the face and they started fighting. They wrestled and punched each other for about two minutes until others intervened. They then each went their own way. Burch admitted on examination that he had ten felony convictions, three of which involved dishonesty.
After deliberating, the jury found Burch guilty of the lesser included offenses of robbery and battery. On direct appeal, this Court affirmed. See Burch v. State, 932 So.2d 210 (Fla. 5th DCA 2006) (table).
In his first claim of ineffective assistance of counsel, Burch contended that defense counsel was ineffective for failing to impeach *780 the victim regarding a prior conviction for "stealing beer from a store one time and steaks." Burch alleged that this information was testified to by the victim during the victim's deposition. Burch asserted that such a conviction constituted a crime of dishonesty and should have been used to attack the credibility of the victim at trial. Burch contended that his trial was essentially a "credibility contest" between the victim and himself regarding the events that occurred on the date in question and that the only direct evidence of a robbery was the testimony of the victim. Furthermore, he contended that, because the case boiled down to a credibility contest, the fact that the State was able to introduce evidence of Burch's numerous prior convictions, but defense counsel did not introduce the victim's prior conviction, likely tipped the scales in the State's favor.
The trial court rejected Burch's claim, reasoning that defense counsel had conducted a competent cross-examination of the victim, which included several efforts to impeach the victim by contrasting the victim's deposition testimony and trial testimony. However, because the relative credibility of the two men was central to the trial and because the lack of any criminal record on the part of the alleged victim was made a feature of the trial by the state,[1] evidence of Burch's prior criminality, and the victim's lack of a criminal record, may have influenced the verdict. The merit or lack of merit of this claim of ineffective assistance requires an evidentiary hearing.
In his third claim for relief, Burch contended that defense counsel was ineffective for failing to call Carl Wayne O'Neal ["O'Neal"] as an exculpatory witness on Burch's behalf. According to Burch's motion, O'Neal would have testified:
[t]hat he was present during the incident in this case; that [the victim] wanted to chip in on smoking crack cocaine with [Burch], himself and several other individuals, all of whom [the victim] previously known [sic] and dealt with in smoking drugs. Additionally, O'Neal would have testified that [the victim] voluntarily gave money to [Burch] to buy cocaine. Finally, he would have stated that because [Burch] had taken a very long time to return with the drugs, [the victim] assumed that [Burch] ripped him off, which resulted in a fight.
In other words, O'Neal would have testified consistent with Burch's trial defense and contrary to the victim's trial testimony. The trial court summarily denied Burch's third claim on the ground that defense counsel's decision to exclude references to Burch going to buy crack cocaine could hardly be ineffective assistance.
This reasoning fails for at least two reasons: first, Burch's entire defense was premised on his testimony that he was a crack user/seller who took money to purchase crack for the victim, which led to a fight after Burch had failed to return timely with the crack the victim had given him money to purchase. Second, we do not know whether defense counsel's decision not to call O'Neal was a trial tactic. If so, this is a determination that usually should be made after an evidentiary hearing. See Pomposello v. State, 940 So.2d 500, 500 (Fla. 5th DCA 2006).
*781 Accordingly, we affirm in part, reverse in part and remand for an evidentiary hearing on grounds One and Three.
AFFIRMED in part; REVERSED in part; AND REMANDED.
PLEUS and SAWAYA, JJ., concur.
NOTES
[1] For example, the State said during closing argument:

And finally, was it proved that the witness had been convicted of a crime. [The victim] has not been convicted of any crimes. Byron Burch has been convicted of ten felonies, three of which involved dishonesty. Who should you believe? You need to look at that.