MAY, J.
 

 The defendant appeals the summary denial of his motion for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. He raises three issues, one of which we find has merit. He argues that the trial court erred in summarily denying the motion, which alleged his counsel had been ineffective in allowing him to be tried in full shackles, without an evidentiary hearing. We agree and reverse.
 

 His motion alleges that his attorney failed to challenge the trial court’s determination that the defendant be tried wearing full shackles and handcuffs, which were both heard and seen by the jury. He references the following portion of the trial transcript:
 

 Defense Counsel: It is within your discretion. Will you permit him to be unshackled?
 

 Court: No, sir.
 

 Defense Counsel: Okay Court: Anything further?
 

 Defense Counsel: No.
 

 (Thereupon, the following proceedings were resumed within the hearing of the prospective jury panel)
 

 Court: Mr. Torres, will you please stand up? ... Standing to Mr. Beilis right is the Defendant, Francisco Torres....
 

 The trial court adopted the State’s response to support its summary denial of the defendant’s motion. In that response, the State argued that the record failed to prove the jury actually saw the defendant in shackles. Alternatively, the State argued the trial court was justified in keeping the defendant shackled.
 
 [1]
 
 And lastly, the State argued that the defendant could not establish the requisite prejudice.
 

 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is the landmark case establishing the two-pronged test for a claim of ineffective assistance of counsel. First, the defendant must show that his counsel’s performance was deficient. Second, the defendant must establish that counsel’s deficient performance prejudiced him by depriving him of a fair trial.
 
 Id.
 
 at 687-697, 104 S.Ct. 2052.
 

 A summary denial of a motion for post-conviction relief will be affirmed only
 
 *748
 
 when the trial court either states “its rationale in the order denying relief or attach[es] portions of the record that would refute the claims.”
 
 Nixon v. State,
 
 932 So.2d 1009, 1018 (Fla.2006). When the record does not refute the defendant’s claims and no evidentiary hearing is held, the trial court must accept the defendant’s factual allegations as true.
 
 Freeman v. State,
 
 761 So.2d 1055, 1061 (Fla.2000);
 
 Hodges v. State,
 
 946 So.2d 1244 (Fla. 4th DCA 2007).
 

 A defendant cannot be compelled, over objection, to stand trial in shackles unless necessary to prevent an escape, a disturbance, or potential injury.
 
 Deck v. Missouri,
 
 544 U.S. 622, 626-32, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005);
 
 Weaver v. State,
 
 894 So.2d 178, 193 (Fla.2004). If an objection is made by the defendant, the trial court must state on the record why the restraint is necessary or hold a separate evidentiary hearing.
 
 See Bello v. State,
 
 547 So.2d 914, 918 (Fla.1989);
 
 Brown v. State,
 
 856 So.2d 1116, 1117 (Fla. 4th DCA 2003).
 

 Here, the defendant alleged that the jury saw him in shackles and that defense counsel failed to properly object and request that the court make the requisite findings to justify the use of shackles. Neither the State’s response nor the brief record provided refute the defendant’s allegation that the jury did see the defendant in shackles and handcuffs or that defense counsel’s performance was deficient resulting in prejudice.
 

 Perhaps other portions of the record may establish that defense counsel did everything possible to prevent the defendant from being shackled or that no prejudice resulted. Obviously, if the jury did not see the defendant in shackles, there is no prejudice. However, neither the trial court nor the State has provided those portions of the record. We find no merit in the other two issues raised.
 

 We therefore reverse and remand the case to the trial court to hold an evidentiary hearing or attach portions of the record justifying its denial of the defendant’s motion for post-conviction relief, limited to the claim concerning the defendant being shackled.
 

 Reversed and Remanded.
 

 WARNER and DAMOORGIAN, JJ„ concur.
 

 [1]
 

 . The State relied on the defendant’s history of violence to justify the shackling of the defendant. However, we have held that the defendant's history of conviction of violent crimes alone is insufficient to warrant the use of shackles.
 
 See Miller v. State,
 
 852 So.2d 904, 906 (Fla. 4th DCA 2003).