PER CURIAM.
 

 Appellant seeks review of the trial court’s final order summarily denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. We conclude that two of the five claims of ineffective assistance of counsel raised by appellant were facially sufficient and not refuted by the portions of the record attached by the trial court to its order. Accordingly, we reverse the denial of those two claims and remand those claims for further proceedings. In all other respects, we affirm without discussion the trial court’s order.
 

 Appellant claimed that his trial counsel was ineffective because counsel failed to object when appellant, who was not disruptive, was made to wear leg restraints, which were seen and heard by the jury, during his trial. This claim was facially sufficient.
 
 See Torres v. State,
 
 9 So.3d 746, 748 (Fla. 4th DCA 2009);
 
 Jensen v. State,
 
 964 So.2d 812 (Fla. 4th DCA 2007);
 
 Miller v. State,
 
 852 So.2d 904, 906 (Fla. 4th DCA 2003). The portions of the record attached by the trial court to its order do not conclusively refute this claim. Accordingly, the trial court erred when it summarily denied it.
 

 Appellant also claimed that his trial counsel was ineffective because counsel mentioned in opening statement and closing argument an arrest on an unrelated charge in a neighboring county, and permitted the state to refer to that charge in closing argument as well. This claim was also facially sufficient,
 
 see generally Pomposello v. State,
 
 940 So.2d 500, 501 (Fla. 5th DCA 2006);
 
 Haynes v. State,
 
 729 So.2d 498, 500-01 (Fla. 1st DCA 1999);
 
 Johnson v. State,
 
 611 So.2d 88, 89 (Fla. 2d DCA 1992), and not conclusively refuted by the portions of the record attached by the trial court to its order. Accordingly, the trial court also erred when it summarily denied this claim.
 

 We reverse the trial court’s summary denial of the claims that appellant’s trial counsel was ineffective because counsel failed to object when appellant, who was
 
 *427
 
 not disruptive, was made to wear leg restraints, which were seen and heard by the jury, during his trial, and mentioned in opening statement and closing argument an arrest on an unrelated charge in a neighboring county, permitting the state to refer to that charge in closing argument as well. We remand those claims. Should the trial court again conclude that those claims are conclusively refuted by the record, it shall attach to its order denying relief the pertinent portions of the record; otherwise, it shall hold a hearing. In all other respects, the trial court’s order is affirmed.
 

 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
 

 HAWKES, C.J., KAHN and WEBSTER, JJ., concur.