PER CURIAM.
The State appeals the trial court’s order granting Appellee’s motion to suppress the fruit of a warrantless search and seizure. We reverse and remand for further proceedings, holding that the trial court improperly considered inadmissible hearsay statements in arriving at its ruling. Our conclusion as to the evidentiary issue dispenses with the need to address the second issue regarding the Fourth Amendment.
Appellee was charged with possession of a firearm and moved to suppress the weapon as the fruit of an unlawful search and seizure. The central issue at the suppression hearing was whether the officers had reasonable suspicion to conduct the pat-down that revealed the firearm. The officers testified that they frisked Appellee in response to his “blading” motion. Officer Lamb defined “blading” as follows:
[IJt’s typically a fighting stance or if you’re getting ready to take some type of ... maneuver, you’re about to run, or you can pull something out of your pocket, you can conceal things.
As if I’m facing you and — if I blade my body and I turn and I place my hand in my pocket, it takes you more than a second to notice that I’m pulling something out of my pocket, whereas if I’m facing you and I pull something out, well, it’s easier to see.
To rebut the officers’ testimony that he bladed, Appellee presented three documents containing the out-of-court statements of Christian Rodriguez and Chris Brown, two young men who were present *868 during the encounter. In two of the documents, Rodriguez and Brown each stated, “I have been advised that ... the officers who arrested [Appellee] testified that [Ap-pellee] ‘bladed’ himself.... That is not correct.... [Appellee] stood politely waiting for the officers to question him.” In the third document, a handwritten narrative, Rodriguez recited the events leading to the pat-down, making no mention of blading. In this narrative, Rodriguez also acknowledged he had been carrying marijuana. The trial court admitted each of these documents over the State’s hearsay objection, pursuant to the “statement against interest” exception. Ultimately, the court ruled that the officers lacked the reasonable suspicion necessary to pat Ap-pellee down, partly due to the finding that Appellee did not blade.
On appeal, the State argues that the trial court erred in applying the “statement against interest” exception to the statements Appellee introduced to show he did not blade. The threshold issue is whether the State properly preserved all aspects of its argument. Absent fundamental error, appellate courts do not review arguments unless the appellant timely raised the issue at the trial level. Castor v. State, 365 So.2d 701, 703 (Fla.1978). A “hearsay” objection need not specify the hearsay exception the objecting party will address on appeal, and is “sufficient to preserve for appellate review the failure of the proponent of the testimony to lay a proper predicate.” Richardson v. State, 875 So.2d 673, 675-76 (Fla. 1st DCA 2004). Thus, the State’s hearsay objection preserved its argument on appeal that the “statement against interest” exception does not apply to the statements at issue.
Turning to the merits of the issue on appeal, we review the trial court’s decision to admit the evidence for abuse of discretion. McCray v. State, 919 So.2d 647, 649 (Fla. 1st DCA 2006). As to any evidentiary ruling, however, the evidence code and applicable case law limit a trial court’s discretion, and we review its interpretation of those authorities de novo. Id.
Generally, the hearsay exception for a “statement against interest” applies when two elements are met: first, the threshold finding of the declarant’s unavailability, section 90.804(l)(e), Florida Statutes (2011); and second, that the content of statement is against the declarant’s interest, section 90.804(2)(c), Florida Statutes (2011). When the statement tends to expose the declarant to criminal liability and is offered to exculpate the accused, a third element must be met: “corroborating circumstances showing] the trustworthiness of the statement.” § 90.804(2)(c). For the reasons explained below, we conclude that the statements at issue do not satisfy the content requirement of the hearsay exception. Due to this holding, we need not address the remaining two elements.
 In pertinent part, the “statement against interest” hearsay exception requires that the content of the out-of-court statement be “so far contrary to the de-clarant’s pecuniary or proprietary interest or tended to subject the declarant to liability ... that a person in the declarant’s position would not have made the statement unless he or she believed it to be true.” § 90.804(2)(c), Fla. Stat. The rationale underlying the exception is that a statement against the declarant’s interest is reliable because of the declarant’s lack of motivation to fabricate a self-inculpatory statement. Peninsular Fire Ins. Co. v. Wells, 438 So.2d 46, 54 (Fla. 1st DCA 1983). The presumption of reliability— and, thus, the hearsay exception — applies only to self-inculpatory statements, not to neutral or self-exculpatory statements. *869 See Perez v. State, 980 So.2d 1126, 1133 (Fla. 3d DCA 2008). Such statements are not exempt from the general rule excluding hearsay simply because they appear in the same document as comments that are ti’uly against the declarant’s interest. See id.; Brooks v. State, 787 So.2d 765, 776-77 (Fla.2001) (quoting Williamson v. United States, 512 U.S. 594, 600, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (“[T]he fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement’s reliability. We see no reason why collateral statements ... should be treated any differently from other hearsay statements that are generally excluded.”)).
Appellee’s counsel introduced the documents at issue not to implicate someone other than Appellee, but to show that Ap-pellee did not blade. The relevant statements in those documents are neutral as to the declarants because they did not have anything to lose by stating that Appellee did not blade. To the extent the documents are against the declarants’ interests because they indicate complicity in Appel-lee’s possession of a concealed weapon, these admissions are simply collateral self-incriminatory statements and are not a vehicle for admitting the portions of the documents concerning blading. See Perez, 980 So.2d at 1133; Williamson, 512 U.S. at 600, 114 S.Ct. 2431 (interpreting Federal Rule of Evidence 804(b)(3)). The same reasoning applies to the portions of Rodriguez’s handwritten narrative where he admitted having possessed marijuana during the encounter. This portion of the narrative incriminates Rodriguez, but his description of the officer’s interaction with Appellee and the initiation of the pat-down does not. Therefore, neither the declar-ants’ denials that Appellee bladed nor Rodriguez’s description of the encounter meets the “statement against interest” exception, and the trial court erred in admitting those portions of the documents.
We must conclude that this error was harmful. Even when a trial court does not cite improperly admitted evidence in its ruling, appellate courts presume that the trial court considered evidence admitted over objection, absent an express assurance to the contrary. Petion v. State, 48 So.3d 726, 735 (Fla.2010). Because there was no such assurance in this case, we presume the trial court also took the inadmissible hearsay into account in coming to its finding concerning blading. Accordingly, we reverse and remand for reassessment of the motion to suppress without consideration of the inadmissible hearsay.
REVERSED and REMANDED.
WOLF, RAY, and MAKAR, JJ., concur.