IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEFOREST KELLY,

      Appellant,

 v.                                    Case No.  5D16-1159

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 19, 2016

3.850 Appeal from the Circuit
Court for Brevard County,
Charles J. Roberts, Judge.

Deforest Kelly, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

EDWARDS, J.

      Deforest Kelly appeals the summary denial of his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief.  In the motion, Appellant argued that he

was prejudiced by ineffective assistance of counsel because his defense attorney failed

to obtain certified copies of prior convictions that would have permitted impeachment of

the State's key witness, Kent, and which may have otherwise assisted his defense. We reverse and remand for further proceedings.

Appellant was charged with kidnapping and robbing Kent. Appellant denied the charges and claimed that Kent was a drug dealer who attempted to rob him. According to Appellant, witness credibility was crucial given the lack of physical evidence and the two very different factual scenarios described by Appellant and Kent.

Claims of ineffective assistance of counsel must meet the two prongs of the *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong is met only when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Failure to impeach a key witness may amount to ineffective assistance of counsel, warranting relief. *Tyler v. State*, 793 So. 2d 137, 144 (Fla. 2d DCA 2001). This is especially true in cases involving credibility contests, as the relative credibility of the witnesses becomes central to the trial. In *Burch v. State*, 977 So. 2d 778 (Fla. 5th DCA 2008), a case where the defendant and the alleged victim provided markedly different versions of the events, this court reversed a summary denial of a rule 3.850 motion with directions for the trial court to conduct an evidentiary hearing regarding counsel's failure

2

to impeach the victim about a single prior conviction for stealing beer and steak. *Burch*, 977 So. 2d at 779-80 (Fla. 5th DCA 2008); *see also Head v. State*, 35 So. 3d 1008, 1008 (Fla. 5th DCA 2010) (holding that defendant satisfied the prejudice prong of the *Strickland* test where the trial amounted to a credibility contest between defendant and the victim).

Appellant claims that defense counsel knew from deposition testimony and investigation that Kent had seven felony convictions, including one for robbery, two for possession of cocaine, and one for trafficking in cocaine.[1] At trial, Kent only admitted to three or four convictions and there was no discussion of their nature. It is well settled that proper impeachment using prior felony convictions, when the witness does not admit the number of convictions, requires introduction of certified copies of the judgments of those convictions. *Peoples v. State*, 576 So. 2d 783, 789 (Fla. 5th DCA 1991). Placing the certified copies in evidence would necessarily reveal the nature of the crimes for which Kent was convicted. *Cummings v. State*, 412 So. 2d 436, 438 (Fla. 4th DCA 1982). "[W]hen a witness's prior conviction record is entered into evidence, [counsel] may inquire into the number and nature of the witness's felonies." *Wilcox v. State*, 143 So. 3d 359, 374 (Fla. 2014). Because counsel improperly attempted to impeach Kent by using documents from the clerk of court's website in place of certified copies, Appellant correctly argues that defense counsel did not conduct proper impeachment regarding the number and nature of Kent's prior convictions.

In the case at hand, the postconviction court essentially concluded that the jury would not have been influenced by proof that Kent had twice as many felony convictions

---

[1] Where no evidentiary hearing is held on a rule 3.850 motion, this court must accept Appellant's factual allegations to the extent they are not refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999).

as Kent admitted having, even though one was for robbery and three were drug-related convictions. The records attached to the summary denial do not support that conclusion. The lower court did not explain how it could accurately predict what impact admissible, but unpresented, evidence might have on the jury's decision. *See Fletcher v. State*, 177 So. 3d 1010, 1014 (Fla. 5th DCA 2015) ("[T]he trial court erred in concluding that there was no reasonable probability that the [witness testimony] would have changed the outcome of the trial . . . because, in reaching this conclusion, the trial court was essentially substituting its own conclusions for possible conclusions that could have been reached by the jury.").

The postconviction court also determined that the jury was sufficiently informed that Kent was a drug dealer because Appellant's counsel questioned Kent about being a dealer. Kent, however, vehemently denied the accusation. Had Kent been impeached by introduction of the certified copies of the convictions, the jury would have received evidence, other than Appellant's self-serving statements, regarding whether Kent was a drug dealer.

We find that the documents attached to the order of summary denial do not conclusively refute Appellant's claim that he was prejudiced by ineffective assistance of counsel. We remand for the lower court to either attach records conclusively refuting Appellant's claim or to conduct an evidentiary hearing.

REVERSED AND REMANDED.

LAWSON, C.J. and PALMER, JJ., concur.