FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-3861
_____

ROBERT LEE LEONARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

February 5, 2019

PER CURIAM.

This is an appeal from an order denying a postconviction motion. Robert Lee Leonard was convicted of sexually abusing a child, and he was sentenced to 35 years in prison with a 25-year mandatory minimum. This court affirmed his conviction and sentence without an opinion. *See Leonard v. State*, 143 So. 3d 926 (Fla. 1st DCA 2014) (Table).

Leonard then filed a rule 3.850 motion, raising several issues. One claim was that his attorney should have objected to his wearing shackles in front of jurors. He alleged that he wore extra-large shackles that his pants could not conceal, that jurors could hear his shackles every time he moved, that this was inherently prejudicial, and that he was deprived of his Sixth

Amendment right to adequate counsel when his attorney failed to object.

The trial court summarily denied the motion, saying the allegation of shackling was "patently false" and contradicted by audio and video recordings. But those recordings were not in the record, so the record on appeal does not conclusively refute Leonard's allegations. *See* Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief."); *see also Torres v. State*, 9 So. 3d 746, 748 (Fla. 4th DCA 2009) (reversing the denial of a rule 3.850 motion alleging that counsel was ineffective for failing to properly object to the defendant standing trial in shackles where the trial court failed to attach documents that conclusively refuted the claim); *Jensen v. State*, 964 So. 2d 812, 812 (Fla. 4th DCA 2007). As the State concedes, we must reverse as to this claim. On remand, the trial court should attach records conclusively refuting the claim or conduct an evidentiary hearing. As to all other issues, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, KELSEY, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Robert Lee Leonard, pro se, Appellant.

Ashley B. Moody, Attorney General, and Bryan Jordan, Senior Assistant Attorney General, Tallahassee, for Appellee.