PER CURIAM.
Appellant appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure Rule 3.850. We affirm the trial court's summary denial of grounds two and three without further discussion. In ground one, Appellant alleges that his trial counsel provided ineffective assistance by failing to object to the jurors seeing him in handcuffs during the trial. We find that this first ground was facially sufficient. See Jones v. State, 998 So. 2d 573, 588 (Fla. 2008) (stating postconviction claim alleging trial counsel was ineffective for failing to object to defendant being in restraints must specifically allege jury saw restraints). Because the record does not conclusively refute whether any jurors saw Appellant in handcuffs, we reverse and remand to the trial court to conduct an evidentiary hearing or to attach records conclusively refuting the claim. See, e.g., Way v. State, 41 So. 3d 425 (Fla. 1st DCA 2010) ; Torres v. State, 9 So. 3d 746 (Fla. 4th DCA 2009) ; Jensen v. State, 964 So. 2d 812 (Fla. 4th DCA 2007) ; Miller v. State, 852 So. 2d 904 (Fla. 4th DCA 2003).
AFFIRMED in Part; REVERSED in Part; REMANDED with Instructions
ORFINGER, WALLIS and EDWARDS, JJ., concur.