FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D2022-2868
_____

STATE OF FLORIDA,

    Appellant,

    v.

STEVE LINCOLN,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Stephen S. Everett, Judge.

February 21, 2024


OSTERHAUS, C.J.

The State appeals an order granting Appellee Steve Lincoln's motion in limine that excludes testimony from use at trial that Appellee gave at a pretrial self-defense immunity hearing. The trial court concluded that the court and counsel effectively deprived Appellee of his constitutional right to stay silent at the hearing by mistakenly placing the burden of proof on him. We reverse because the burden-of-proof mistake did not render his decision to testify involuntary or unintelligent in violation of his Fifth Amendment rights.

I.

In 2016, Appellee was charged with the first-degree murder of his roommate, who died shortly after suffering three gunshot

wounds. Following his arrest, Appellee claimed the shooting was in self-defense and filed a motion seeking immunity and dismissal under § 776.032, Florida Statutes. At a subsequent hearing in 2018, counsel and the trial court agreed that Appellee had the burden of proving his immunity by a preponderance of the evidence. Appellee then testified in support of his immunity argument, in part, by admitting that he shot the victim. The trial court subsequently denied Appellee's motion upon finding his testimony not credible and his burden unsatisfied.

More than a year later, after the Florida Supreme Court held that the burden-of-proof amendment to the self-defense immunity law applied to hearings held after the 2017 effective date of the amendment, *see* chapter 2017-72, Laws of Florida, Appellee filed a motion to reconsider his immunity. He sought to have his prior immunity-hearing testimony stricken because the burden of proof should have rested with the State to overcome his self-defense immunity claim instead of on him. After the second hearing, the trial court also denied relief.

Appellee sought to keep his initial hearing testimony from being used at trial by filing a motion in limine. Appellee's motion argued two grounds for not admitting that testimony as substantive trial evidence: a Sixth Amendment claim of ineffective assistance of counsel and a Fifth Amendment claim of involuntariness. After more hearings, the trial court rejected Appellee's Sixth Amendment claim but granted his motion in limine on Fifth Amendment grounds. The trial court found that Appellee's decision to testify was not voluntary or intelligent because of the burden-of-proof error made at the first immunity hearing. Thus, Appellee's hearing testimony was excluded from use as substantive evidence in any future trial. The trial court entered a stay pending appeal, and the State timely appealed.

II.

The State argues that Appellee's hearing testimony at the first self-defense immunity hearing shouldn't have been excluded on the basis of a burden-of-proof mistake. We review such evidentiary rulings under an abuse of discretion standard, except for pure questions of law, which are reviewed de novo. *See State v. Crofoot*, 97 So. 3d 866, 868 (Fla. 1st DCA 2012).

Generally speaking, a defendant's testimony at a pretrial hearing is admissible in evidence at later proceedings. § 90.803(18), Fla. Stat.; *Barnes v. State,* 970 So. 2d 332, 335–36 (Fla. 2007); *see also Harrison v. United States*, 392 U.S. 219, 222 (1968) (noting that "a defendant's testimony at a former trial is admissible in evidence against him in later proceedings"); *Tarver v. State*, 571 So. 2d 98 (Fla. 3d DCA 1990) (finding a defendant's prior statements from a bail hearing to be admissible in the state's case-in-chief and for impeachment purposes). Testimony from a pretrial self-defense immunity hearing is no exception to this rule. *See, e.g., State v. Hester*, 319 So. 3d 126, 129 (Fla. 3d DCA 2021); *Cruz v. State*, 189 So. 3d 822 (Fla. 4th DCA 2015). The trial court departed from this rule in Appellee's case, reasoning that the burden of proof was placed on Appellee erroneously, which prompted him to testify at his immunity hearing. At the time of Appellee's immunity hearing in 2018, it wasn't clear that the burden of proof should rest with the State to overcome a movant's prima facie claim with clear and convincing evidence in accordance with a 2017-amended law because the amendment was effective *after* the 2016 homicide for which Appellee had been criminally charged. *See* § 776.032(4), Fla. Stat. (2017). Following 2016-era law, the court and counsel agreed that Appellee had the burden of proving his entitlement to self-defense immunity at the pretrial hearing. In turn, Appellee decided to testify at the hearing. Only later did a Florida Supreme Court decision clarify that the State bore the burden of proof to overcome a prima facie claim with clear and convincing evidence in such pretrial self-defense immunity hearings held after the effective date of the amendment, even where the crime was allegedly committed before the effective date of the law. *Love v. State*, 286 So. 3d 177, 180 (Fla. 2019).

Appellee argues that the burden-of-proof mistake made at his pretrial self-defense immunity hearing deprived him of his Fifth Amendment right to "listen to all of the State's witnesses before deciding whether or not he wanted to testify." But we don't agree that a Fifth Amendment problem exists or prohibits the State's use of Appellee's hearing testimony at trial. Although the court placed the burden of proof on Appellee at his pretrial self-defense immunity hearing, there isn't a record of coercion or unintelligent decision-making associated with Appellee's decision to testify at the hearing. Appellee made a strategy call to testify. *Cf., Hester*,

319 So. 3d at 129 (discussing a defendant's choice to forego a self-defense immunity motion and hearing to eliminate the risk of the State's presenting the testimony to a jury). The upshot being that Appellee took the stand voluntarily while represented by counsel and testified without asserting his privilege against self-incrimination. Although with hindsight the court and counsel's burden-of-proof mistake might have prompted Appellee to testify earlier than he wanted, nothing indicates that it was coerced or unintelligent as a constitutional matter. In fact, the record shows, as the State's brief suggests, that Appellee would have faced the same decision in raising a prima facie case even if the State had borne the ultimate burden of rebutting the case with clear and convincing evidence at the hearing:

> The record demonstrates that Appellee, a six-foot one man shot an unarmed five-foot three woman who was standing at least ten feet away from him and on the other side of a counter at the time of the first shot. The victim then dropped behind the counter and Appellee fired two more shots over the counter without being able to see the victim. Appellee then fled the State while taking actions to conceal his identity.

*See Freeman v. State*, 373 So. 3d 1255, 1260 (Fla. 1st DCA 2023) (requiring that the defendant raise a prima facie claim of self-defense immunity before the state bears the burden to overcome the immunity claim). Because the evidence indicated that Appellee's use of deadly force wasn't justified, Appellee had to decide strategically whether to testify or lose at the hearing, which is exactly what happened.

This case also does not present an instance where Appellee encountered a choice between constitutional rights forbidden by *Simmons*. *See Simmons v. United States*, 390 U.S. 377, 393–34 (1968) (warning against requiring a defendant to surrender of one constitutional right to assert another right). *Simmons* does not extend to self-defense immunity decisions involving a defendant's pursuit of pretrial immunity. *See Cruz*, 189 So. 3d at 828 (noting that self-defense immunity is entirely a creature of state statute and not affected by *Simmons*); *see also In re Fed. Grand Jury Proc. (FGJ 91-9), Cohen*, 975 F.2d 1488, 1493 (11th Cir. 1992) (declining

4

to adopt a broad reading of *Simmons* in light of the Supreme Court's "considerabl[e] narrow[ing]" of the principle in a subsequent case). As in the retrial context at issue in *Cruz*, the defendant knew the risks inherent in testifying at the pretrial hearing. And so,

> [t]his case does not present a reason to deviate from the general rule that a defendant's testimony is admissible against him in later proceedings. Any time a defendant exercises the right to testify at a criminal trial, he risks that his testimony could be used against him at any subsequent retrial.

*Cruz*, 189 So. 3d at 828-29. We thus adhere to the general rule that a defendant's testimony is admissible in later proceedings.

In reaching this result, we understand that when a decision to testify essentially waives a defendant's Fifth Amendment privilege against self-incrimination, it must be voluntary and intelligent. *Ross v. State*, 45 So. 3d 403, 407 (Fla. 2010), as revised on denial of reh'g (Sept. 8, 2010); *see also Rolon v. State*, 72 So. 3d 238, 242 (Fla. 2d DCA 2011) ("Unless the defendant's prior testimony was involuntary or compelled in a constitutional sense, the use of that testimony in a subsequent trial does not violate the defendant's Fifth Amendment rights."). Courts recognize, for instance, that a defendant's waiver can be involuntary if ineffective assistance of counsel deprives the defendant of an opportunity to choose intelligently whether to testify. *See Beasley v. State*, 18 So. 3d 473, 495 (Fla. 2009) (quoting *United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992)) ("Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf."). But here, the trial court rejected Appellee's ineffective-assistance-of-counsel argument. And the court and counsel's reasonable self-defense-immunity-law mistake also didn't render Appellee's testimony constitutionally defective. Advice "within the range of competence demanded of attorneys in criminal cases" does not render a plea involuntary or unintelligent. *McMann v. Richardson*, 397 U.S. 759 (1970) (holding that a defendant's guilty plea was voluntary

5

despite being motivated by counsel's erroneous advice on the admissibility of a prior confession); *Parker v. North Carolina*, 397 U.S. 790, 796–98 (1970) (same). And mistakes in calculating the strength of the state's case are likewise insufficient to render a plea unintelligent or involuntary. *Brady v. United States*, 397 U.S. 742, 757 (1970) (recognizing a guilty plea to be voluntary even though it was induced by counsel's overly pessimistic fear of a death penalty statute that was subsequently ruled unconstitutional); *Campbell v. Marshall*, 769 F.2d 314, 319 (6th Cir. 1985) (finding that a plea was "not rendered involuntary merely because the defendant may have been motivated by a statute or state conduct later found to be unconstitutional"). We consider the burden-of-proof mistake here in the same light. Even if the mistake prompted Appellee to testify in support of his self-defense immunity claim, his Fifth Amendment rights were not violated.

REVERSED.

KELSEY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellant.

John D. Stevenson, Assistant Conflict Counsel, Tallahassee, for Appellee.