PER CURIAM.
 

 The appellant appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion. In one of the claims the appellant argues that trial counsel acted ineffectively because he opened the door to testimony that the appellant was allegedly on probation in Georgia “for drugs” after the trial court, again allegedly, had ruled that the jury was not to hear such testimony.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court’s order and attachments indicate that the court did not address this claim. In response to this court’s show cause order the state has conceded that the lower court should be required to address this claim. On appeal from a summary denial of a facially sufficient motion, this Court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2).
 

 Because the record now before us indicates that the trial court failed to address this claim, we reverse the order as to this claim and remand for the trial court to rule on this matter and either provide record attachments that conclusively refute it, or provide the appellant an eviden-tiary hearing on this sole claim. We affirm the trial court’s denial of relief on all remaining claims in the motion.
 

 REVERSED and REMANDED.
 

 LEWIS, CLARK, and ROWE, JJ„ concur.