DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JOSEPH BRADLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3139

[November 12, 2014]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432006CF000853A.

Joseph Bradley, Doral, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Joseph Bradley appeals an order summarily denying his multi-claim Florida Rule of Criminal Procedure 3.850 motion. We affirm the order on all issues except one.

Appellant was charged with aggravated assault with a deadly weapon and possession of a firearm or ammunition by a convicted felon. He stipulated that he was a convicted felon. A jury found him guilty as charged to both offenses.

Prior to trial, the parties agreed that evidence establishing why the victim sought a restraining order against appellant would not be introduced at trial unless the defense opened the door to its admission. After the trial court determined that the door was opened, the victim was permitted to testify that a few days before she obtained the restraining order, appellant battered her while she slept and that the night before she obtained the order, appellant threatened, and attempted, to burn her house down. On direct appeal, appellant challenged the trial court's

ruling that allowed the victim to testify about his prior bad acts. We affirmed. *Bradley v. State*, 29 So. 3d 1132 (Fla. 4th DCA 2010).

Appellant filed a rule 3.850 motion raising several issues. Significantly, appellant claimed that his counsel acted ineffectively when he opened the door to the above-detailed testimony, despite the parties' agreement.

"A summary denial of a motion for post-conviction relief will be affirmed only when the trial court either states 'its rationale in the order denying relief or attach[es] portions of the record that would refute the claims.'" *Torres v. State*, 9 So. 3d 746, 747–48 (Fla. 4th DCA 2009) (quoting *Nixon v. State*, 932 So. 2d 1009, 1018 (Fla. 2006)). The trial court's order and attachments show that it did not address this issue in its otherwise detailed and exhaustive order. *See Mays v. State,* 89 So. 3d 1009 (Fla. 4th DCA 2012) (remanding in part the denial of a rule 3.850 motion for further proceedings on an issue that was not addressed in the court's order); *Bowden v. State,* 54 So. 3d 588 (Fla. 1st DCA 2011) (same). Contrary to the State's position in its response to this Court's order to show cause, the claim is sufficiently pleaded.

Consequently, we reverse and remand the case to the trial court to address appellant's claim of ineffectiveness concerning counsel's opening the door to allow the "prior bad act" evidence. We affirm the trial court's denial of relief on all remaining claims in the motion.

*Affirmed in part; Reversed in part and Remanded.*

DAMOORGIAN, C.J., STEVENSON and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***